Harold J. Hughes, J.
This is a motion by defendant for summary judgment dismissing the complaint upon the ground that the action is barred by the Statute of Limitations.
The complaint sets forth a cause of action in malpractice against the defendant for negligently performing engineering and surveying services. The services consisted of preparing a *465 survey of plaintiffs property for the purpose of establishing and confirming property lines and building locations. Although the services were performed in 1967, the alleged error of the defendant was not discovered until November, 1975. In his affidavit in opposition to this motion, plaintiff states that in June, 1972 he engaged the defendant to revise the survey completed in 1967, and that in 1975 defendant was again engaged to revise the prior surveys. Plaintiff contends that because of this continuation of the professional relationship, the Statute of Limitations did not begin to run until the termination of that relationship.
The defendant’s versions of the facts are set forth in his bill of particulars and in his reply affidavit. It appears that prior to 1975 defendant did perform surveying services for plaintiff on the same property on which he did the initial survey, but he asserts that these services did not pertain to the alleged error. Thus, in 1968 defendant set some stakes on the property, in 1972 he located a vestibule on the building, and in 1973 he made some prints for the plaintiff.
In the latter part of 1975 the alleged error was discovered. According to the plaintiff’s bill of particulars, the plot plan was incorrect, the building setback was incorrect and the description was incorrect. At this time defendant agreed to do the necessary work to correct the error and did, in fact, perform this work.
The issue before the court is whether, upon these facts, the Statute of Limitations is a bar to plaintiff’s action for malpractice based upon the error made in 1967.
The applicable Statute of Limitations period in an action for malpractice is three years (CPLR 214, subd 6) and the cause of action accrues upon the performance of the work by the professional (Sosnow v Paul, 43 AD2d 978, affd 36 NY2d 780). The "continuous treatment” exception upon which plaintiff relies holds that when a course of treatment by a professional which includes wrongful acts and omissions has been continuous and is related to the original condition or complaint, the claim accrues at the end of the treatment (Borgia v City of New York, 12 NY2d 151). Although the doctrine was originally formulated in a medical malpractice action, it has been applied in actions against other professionals, such as attorneys, accountants and architects (see Dura-Bilt Remodelers v Albanese, 86 Misc 2d 172).
Where applicable, the doctrine of "continuous treatment” *466 suspends accrual of the malpractice cause of action until treatment ends or the professional relationship is terminated. However, the "continuous treatment” must be a treatment for the same or related condition, continuing after the alleged acts of malpractice; not mere continuity of a general professional relationship (see Naetzker v Brocton Cent. School Dist., 50 AD2d 142, 148, revd on other grounds 41 NY2d 929; Dura-Bilt Remodelers v Albanese, supra).
In medical malpractice cases, continuous treatment is for a particular physical injury or illness (see, e.g., Fonda v Paulsen, 46 AD2d 540); in malpractice against attorneys, the attorney’s subsequent services must be related to a particular case (see, e.g., Dura-Bilt Remodelers v Albanese, supra); and in malpractice against architects, the architect’s subsequent work must be related to a particular project (see, e.g., Naetzker v Brocton Cent. School Dist., supra). In malpractice against a surveyor, in order for the doctrine to apply, the subsequent work must be related to the original work for which the surveyor was engaged. Thus, if a surveyor performs unrelated work for a client on the same property, the rule would not apply. If the subsequent work, however, builds on, expands or integrates the initial work, then the rule would be applicable.
In the present case, the court finds that the defendant’s work in 1968, 1972, 1973 and 1975 was related to work performed by the defendant in 1967. But "relation” is not the only element which must be found in order for the doctrine to apply; there must also be "continuity” (see Borgia v City of New York, 12 NY2d 151, 157, supra). If there is a three-year gap* between the services performed by a professional, even though such services are related to the original condition or initial acts upon which the malpractice is predicated, then the Statute of Limitations will have run (see Naetzker v Brocton Cent. School Dist., 50 AD2d 142, 149, revd on other grounds 41 NY2d 929, supra; Fonda v Paulsen, 46 AD2d 540, 544, supra). Moreover, the engagement by a professional to review and rectify errors made previously does not revive the claim once the statute has run (see Naetzker v Brocton Cent. School Dist., supra). In the present case, there was a three-year gap between the services performed by defendant in 1968 and those *467 performed in 1972; thus, the statute has run and plaintiffs claim is time-barred.
The motion shall be granted, without costs.

 In medical malpractice causes of action, the Statute of Limitations has been reduced to two years and six months (CPLR 214-a).