TONEGATTO v BUDAK

Docket No. 54791. Submitted November 10, 1981, at Detroit.—Decided January 20, 1982. Leave to appeal applied for.

Jacqueline Tonegatto brought an action for damages for medical malpractice against Dr. George Budak and Dr. Donald Schubert, who had treated her for calluses on her feet, and against McNamara Community Hospital, where she was hospitalized for surgery performed by Dr. Schubert. Plaintiff received post-operative care from Dr. Schubert until June, 1976, and subsequently from Dr. Budak until the spring of 1977. Plaintiff visited Dr. Schubert one more time in January, 1979. Her attorney referred her to another doctor in February or March of 1979, and the lawsuit was commenced on December 4, 1979. The Oakland Circuit Court, Steven N. Andrews, J., granted accelerated judgments in favor of the defendants based on the statute of limitations. Plaintiff appeals the judgments entered in favor of Dr. Schubert and the hospital. *Held:*

1. The question in regard to the claim against Dr. Schubert was whether the plaintiff's single visit to him in January, 1979, was a continuation of her prior treatment. This was a question of law where the undisputed facts reveal that the claim was otherwise barred by the statute of limitations. The trial court properly held that the January, 1979, visit was not a continuation of the treatment which gave rise to the claim of malpractice. The claim against Dr. Schubert was therefore barred by the general two-year limitation on claims of malpractice. Further, the plaintiff either discovered or should have discovered her claim in February or March of 1979 when her attorney

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 231, 232.
[2] 61 Am Jur 2d, Physicians, Surgeons and Other Healers §§ 318-320.
When does cause of action accrue for medical malpractice claim under Civil Rights act of 1871 (42 USCS § 1983). 52 ALR Fed 780.
When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.
[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 321.
[4, 5] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 322.

referred her to another doctor. The action was not brought within six months of discovery of the claim so as to come within the limitation period of the statute governing medical malpractice actions. The accelerated judgment in favor of defendant Schubert was proper.

2. The plaintiff alleges that the hospital fraudulently concealed the nature and risks of her surgery and that, therefore, her suit was commenced as to the hospital within the two-year limitation on actions for fraudulent concealment. The failure of the hospital to explain the nature of the surgery did not, however, constitute concealment of the fact that the plaintiff had a cause of action. Further, the plaintiff failed to plead a claim of fraudulent concealment in her complaint, a prerequisite for maintaining such an action.

Affirmed.

1. JUDGMENTS — ACCELERATED JUDGMENT — MOTIONS AND ORDERS.

A court must accept all well-pled allegations as true when reviewing a motion for accelerated judgment, and it is improper to grant a motion for accelerated judgment where any factual issues exist.

2. NEGLIGENCE — MEDICAL MALPRACTICE — ACCRUAL OF CLAIM.

A claim for medical malpractice accrues at the time that the person alleged to have committed the malpractice discontinues treating or serving the plaintiff as to the matters out of which the malpractice claim arises, regardless of the time when the plaintiff discovers or otherwise had knowledge of the claim (MCL 600.5838; MSA 27A.5838).

3. NEGLIGENCE — MEDICAL MALPRACTICE — DISCOVERY OF CLAIM — LIMITATION OF ACTIONS.

The question of when a plaintiff in a medical malpractice action discovered or should have discovered the claim is a question of law for the court where the undisputed facts reveal that the claim is otherwise barred by the two-year statute of limitations on malpractice actions and the plaintiff was aware of a possible cause of action more than six months prior to filing suit (MCL 600.5805[4], 600.5838[2]; MSA 27A.5805[4], 27A.5838[2]).

4. FRAUD — FRAUDULENT CONCEALMENT.

Fraudulent concealment is the affirmative employment of artifice, planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action.

5. Fraud — Fraudulent Concealment — Pleading.

  Acts or misrepresentations constituting fraudulent concealment
  of a claim must be pled in the plaintiff's complaint.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Moll, Desenberg, Bayer & Behrendt* (by *David M. Baldridge*), for Drs. Budak and Schubert.

*Franklin, Petrulis, Lichty & Mellon, P.C.* (by *Daniel J. McCarthy*), for McNamara Community Hospital.

Before: R. M. Maher, P.J., and D. F. Walsh and D. C. Riley, JJ.

Per Curiam. This is a medical malpractice action. Plaintiff Jacqueline Tonegatto appeals as of right from two Oakland County Circuit Court orders granting accelerated judgment, GCR 1963, 116.1(5), to all of the defendants based on the running of the statute of limitations, MCL 600.5805(4), 600.5838; MSA 27A.5805(4), 27A.5838.

In July, 1975, plaintiff went to defendant Dr. Budak, a podiatrist, for treatment of calluses on her feet. Plaintiff related her medical history to Dr. Budak and told him she was a diabetic. Dr. Budak X-rayed plaintiff's feet and trimmed the calluses. Between July, 1975, and February, 1976, plaintiff visited Dr. Budak's office about every two weeks to have the calluses trimmed.

In about January, 1976, Dr. Budak advised plaintiff that surgery might help her feet. He referred her to defendant Dr. Schubert, another podiatrist, because he did not want to perform the surgery.

Plaintiff went to Dr. Schubert's office in Febru-

ary, 1976. Dr. Schubert trimmed the calluses, X-rayed plaintiff's feet, and recommended surgery.

In March, 1976, plaintiff was admitted to defendant McNamara Community Hospital for foot surgery. Dr. Schubert performed an operation on plaintiff's feet on March 12, 1976. Plaintiff was discharged from the hospital on April 21, 1976.

After her discharge from the hospital, plaintiff returned to Dr. Schubert's office for post-operative care. In June, 1976, plaintiff discontinued her treatment with Dr. Schubert, telling him that she would resume treatment with Dr. Budak since his office was closer to her home. By that time, the surgical incisions on plaintiff's feet had healed.

Plaintiff returned to Dr. Budak's office and continued seeing him until March or May of 1977. Dr. Budak observed that one of the toes on each of plaintiff's feet was "hooking" or curling. Plaintiff still had calluses on her feet, and there was bloody flesh underneath the calluses. The calluses ulcerated into open wounds and became infected. This condition was quite painful.

In January, 1979, plaintiff returned to Dr. Schubert's office to show him "what he had done" and to "see if he could do something about it". Plaintiff still had calluses on her feet, and Dr. Schubert trimmed the calluses. Plaintiff never returned to Dr. Schubert's office.

Plaintiff went to an attorney in February, 1979, because she felt that she had been duped and that the surgery had been detrimental. Her attorney referred her to Dr. David Touchton in February or March of 1979.

This medical malpractice action was commenced in Oakland County Circuit Court on December 4, 1979. On January 16, 1980, the defendant hospital moved for accelerated judgment, GCR 1963,

116.1(5), citing the statute of limitations. This motion was denied on April 16, 1980, because of a factual dispute as to when plaintiff discovered or should have discovered her claim.

Plaintiff's deposition was taken on April 24, 1980. On May 27, 1980, defendants Budak and Schubert moved for accelerated judgment, also citing the statute of limitations. On June 27, 1980, the defendant hospital renewed its motion for accelerated judgment on the same ground. The trial judge granted these motions as to all of the defendants.

On appeal, plaintiff challenges only the accelerated judgments entered in favor of defendant Schubert and the defendant hospital.

In reviewing motions for accelerated judgment, courts must accept all well-pled allegations as true. *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781; 311 NW2d 139 (1981). It is improper to grant a motion for accelerated judgment where factual issues exist. *Id.*

MCL 600.5805(4); MSA 27A.5805(4) provides that "[t]he period of limitations is 2 years for an action charging malpractice".

MCL 600.5838; MSA 27A.5838 specifies when a claim for malpractice accrues:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a profes-

sional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred."

As this Court observed in *DeGrazia v Johnson,* 105 Mich App 356, 360; 306 NW2d 512 (1981), MCL 600.5838; MSA 27A.5838 is based upon the "last treatment" rule enunciated in *DeHaan v Winter,* 258 Mich 293; 241 NW 923 (1932). According to *DeHaan,* a claim for medical malpractice does not accrue while treatment continues.

In granting defendant Schubert's motion for accelerated judgment, the trial judge stated:

"Dr. Schubert was the plaintiff's surgeon. Dr. Schubert last saw the plaintiff for her post-operative treatment in May of 1976. The plaintiff saw Dr. Schubert in an isolated visit in February of 1979, nearly three years after surgery. *The 1979 visit was not a continuation of post-operative treatment but rather was a new visit for new treatment.*

"As noted earlier, the plaintiff saw an attorney in the earlier part of 1979 for the purpose of bringing a lawsuit. Yet after seeing the attorney and after changing doctors and treatment several times, the plaintiff failed to file a complaint until December 4, 1979, some ten months after her isolated visit with Dr. Schubert.

"In Michigan the law is clear. Under MCL 600.5838 the plaintiff has the burden of proving that she neither discovered nor should have discovered the medical malpractice until just within six months prior to the filing of the cause of action.

"The plaintiff has failed to meet this burden for the purposes of this motion. It is the finding of this Court that the plaintiff discovered or with due diligence should have discovered the alleged malpractice of Dr. Schubert well before six months prior to the filing of her complaint. Clearly, the plaintiff did not discover the alleged malpractice within two years after the surgery.

"Wherefore, defendant Schubert's motion for accelerated judgment is hereby granted. * * *" (Emphasis added.)

Under the undisputed facts of this case, the issue of whether plaintiff's January 11, 1979, visit to defendant Schubert was a "continuation" of her prior treatment was a question of law, within the exclusive province of the trial court. See *Leyson v Krause,* 92 Mich App 759, 765, fn 2; 285 NW2d 451 (1979) (where the undisputed facts reveal that the malpractice claim is barred by the statute of limitations, the question of when plaintiff discovered or should have discovered the claim is a question of law within the exclusive province of the court, even where a jury trial has been requested).[1]

Under New York case law, where a period of time exceeding the statute of limitations elapses between visits to a doctor, the statute of limitations will be deemed to have run with regard to

[1] In the instant case, unlike *Leyson,* plaintiff visited an attorney ten months before the suit was filed, thus indicating knowledge of a possible malpractice claim. In all such cases, this is the dispositive question: do the undisputed facts reveal that the plaintiff was aware of a possible cause of action more than six months prior to filing suit? If so, the question of when a plaintiff discovered or should have discovered a claim is a question of law.

claims arising from the earlier visit(s), even though the later visit is related to the original condition or initial acts supporting the malpractice claim. Hence, a malpractice claim cannot be revived by an isolated visit after the limitations period has run. *Tool v Boutelle,* 91 Misc 2d 464; 398 NYS2d 128 (1977), *Bennin v Ramapo General Hospital,* 72 App Div 2d 736; 421 NYS2d 243 (1979).[2]

We agree with the trial judge's legal determination that plaintiff's 1979 visit to defendant Schubert was not a "continuation" of her prior treatment. Since plaintiff's last treatment with defendant Schubert occurred in June, 1976, her malpractice claim against defendant Schubert was barred by the two-year statute of limitations. MCL 600.5805(4), 600.5838(1); MSA 27A.5805(4), 27A.5838(1). Moreover, since plaintiff either discovered or should have discovered her claim in February or March of 1979—when she consulted an attorney and was referred by the attorney to a doctor—this lawsuit was not commenced within six months after discovering the claim. MCL 600.5838(2); MSA 27A.5838(2).

Plaintiff, claiming that the defendant hospital fraudulently concealed the nature and risks of her operation, argues that under the fraudulent concealment statute, MCL 600.5855; MSA 27A.5855, she had two years to bring suit from the date she discovered or should have discovered her claim. The statute provides:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the

---

[2] However, in our opinion, if a particular medical condition normally requires treatment at intervals exceeding the limitations period, such a subsequent visit may still be considered a "continuation" of prior treatment.

identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim òr the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

Thus, plaintiff contends, even assuming she discovered her claim in February, 1979, this action was filed well within the two-year time limit of the fraudulent concealment statute.

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *DeHaan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932), *Sheldon v Sisters of Mercy Health Corp,* 102 Mich App 91, 94-95; 300 NW2d 746 (1980).

In *Weast v Duffie,* 272 Mich 534, 539; 262 NW 401 (1935), the Supreme Court stated:

"The fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action. If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know, pursuant to the rule hereinbefore stated (*i.e.,* by the exercise of ordinary diligence).

"It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of

those means which the law provides for prosecuting or preserving his claim."

The acts or misrepresentations constituting fraudulent concealment of a claim must be pled in the complaint. *Bufalino v Michigan Bell Telephone Co,* 404 F2d 1023, 1028 (CA 6, 1968) (decided under Michigan law), *cert den* 394 US 987 (1969), see *Lemson v General Motors Corp,* 66 Mich App 94, 98; 238 NW2d 414 (1975), *Janiszewski v Behrmann,* 345 Mich 8; 75 NW2d 77 (1956), 20 Michigan Law & Practice, Statute of Limitations, § 15, p 568.

Assuming *arguendo* that the defendant hospital was under a duty to inform plaintiff of the nature and risks of her operation, its failure to do so would not constitute fraudulent concealment of her malpractice claim. Fraudulent concealment under the statute means concealment of the fact that the plaintiff has a cause of action. *Weast v Duffie, supra.*

Plaintiff also failed to plead a claim of fraudulent concealment against the defendant hospital in either her original or amended complaint.

For these reasons, we hold that the trial court properly granted accelerated judgment to the defendant hospital.

Affirmed.