SZATKOWSKI v ISSER

Docket No. 80967. Submitted November 5, 1985, at Detroit. Decided
March 11, 1986.

Plaintiff, Patricia Szatkowski, individually and as personal repre-
sentative of the estate of her deceased husband Julian Szatkow-
ski, filed an action in Wayne Circuit Court almost three years
after her husband's death alleging medical malpractice against
defendants Leonard Isser, D.O., and Leonard Isser, D.O., P.C.,
jointly and severally. Defendants moved for accelerated judg-
ment contending that the two-year period of limitations had
expired before the filing of plaintiff's complaint. The Wayne
Circuit Court, after a hearing, ruled that further discovery was
required to determine whether plaintiff had in fact discovered
her claim more than six months prior to the date she filed her
complaint. Subsequently, defendants renewed their motion for
accelerated judgment and moved for a change of venue. The
Wayne Circuit Court denied the motion for accelerated judg-
ment without prejudice but granted the motion for a change of
venue to Macomb Circuit Court. Defendants moved for acceler-
ated judgment in Macomb Circuit Court on the same statute of
limitations basis. The Macomb Circuit Court, Lawrence P.
Zatkoff, J., granted accelerated judgment, after ruling that the
period of limitations had expired prior to the filing of plaintiff's
complaint. Plaintiff appealed. *Held:*

1. The undisputed facts showed that plaintiff knew or should
have known of the existence of her claim well before the six-
month period allowed for filing a malpractice suit under the
statute, MCL 600.5835(2). The circuit court therefore properly
ruled as a matter of law that plaintiff's suit was barred by the
statute of limitations.

2. The Wayne Circuit Court's order denying defendants'
motion for accelerated judgment did not bar the Macomb

REFERENCES

Am Jur 2d, Judgments §§ 479 *et seq.,* 945 *et seq.*
Am Jur 2d, Limitation of Actions §§ 102 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Judg-
ments; Limitation of Actions; Malpractice.

Circuit Court from entertaining and ruling on the motion. Since the Wayne Circuit Court's denial was without prejudice, the issue was subject to relitigation.

Affirmed.

1. NEGLIGENCE — MALPRACTICE — LIMITATION OF ACTIONS.

An action involving a claim based on malpractice may be commenced within two years after the claim first accrues or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5838[2]; MSA 27A.5838[2]).

2. JUDGMENTS — ACCELERATED JUDGMENT — MALPRACTICE — LIMITATION OF ACTIONS.

Accelerated judgment in an action for malpractice based on the expiration of the statutory period of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice; a person must know of the act or omission itself and have good reason to believe the act itself was improper or was done in an improper manner in order to discover asserted malpractice; mere knowledge of the act will be sufficient, under certain circumstances, where it alone gives good reason to believe the act was improper.

3. JUDGMENTS — ACCELERATED JUDGMENT — LIMITATION OF ACTIONS — MALPRACTICE.

An accelerated judgment may be granted based on the running of the period of limitations when a jury trial has been requested only where, based on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by a statute of limitations; where there are factual disputes regarding when discovery occurred or reasonably should have occurred, the discovery issue is a question of fact to be decided by the jury.

4. JUDGMENTS — JUDGMENT WITHOUT PREJUDICE.

The term "without prejudice", when used in a judgment, leaves the issues affected by that term open to again be litigated in a subsequent proceeding.

*Allen J. Counard, P.C.* and *Ralph G. Sachs,* for plaintiff.

*Kerr, Russell & Weber* (by *Daniel G. Beyer*), for defendant.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

PER CURIAM. Plaintiff, Patricia Szatkowski, appeals as of right from a circuit court order granting a motion for accelerated judgment in favor of defendants, Leonard Isser, D.O. and Leonard Isser, D.O., P.C. The lower court granted defendants' motion after determining that plaintiff's action for medical malpractice was barred as a matter of law by the statute of limitations, MCL 600.5838(2); MSA 27A.5838(2).

Two issues are raised in this appeal. The first is whether the lower court properly granted accelerated judgment by finding that plaintiff knew of the existence of a claim against defendants more than six months prior to the filing of the complaint. The second is whether the lower court was barred from granting the motion for accelerated judgment which had been denied earlier in another court. We hold that accelerated judgment was properly granted and that the lower court properly ruled on the motion.

I

Plaintiff filed suit in the lower court individually and as personal representative of the estate of Julian Szatkowski, her deceased husband, who suffered a heart attack on November 14, 1979, while driving to work and died in the resulting crash. On two occasions just prior to the accident, November 5 and 12, 1979, Julian Szatkowski had seen defendant Dr. Isser. Almost three years after decedent's death, plaintiff filed a wrongful death action in Wayne Circuit Court, alleging that defendants had committed medical malprac-

* Circuit judge, sitting on the Court of Appeals by assignment.

tice by failing to properly diagnose the deceased's condition, failing to perform tests to determine the existence of heart disease, failing to refer the deceased to a specialist, and failing to hospitalize him.

Defendants moved for accelerated judgment, GCR 1963, 116.1(5), alleging that medical malpractice actions are governed by a two-year period of limitations which had expired before the filing of the complaint. Plaintiff countered that she had filed the instant action within six months of the date she had discovered the claim, as required by MCL 600.5838(2); MSA 27A.5838(2). Following a hearing on the motion in Wayne Circuit Court, the lower court determined that further discovery would be required to determine whether plaintiff had good reason to believe she had a claim more than six months prior to the date the claim was filed.

Plaintiff's deposition was taken on November 11, 1983. In April, 1984, defendants moved for a change of venue and renewed the motion for accelerated judgment based on the statute of limitations, attaching plaintiff's entire deposition in support of the motion. Again, defendants claimed that plaintiff had filed suit more than two years after the last date of treatment and later than six months after discovering her claim. Plaintiff responded to the motion in May, 1984, alleging that she had filed suit within six months of the time she had discovered the claim. In June, 1984, a hearing was conducted in Wayne Circuit Court. The motion for accelerated judgment was denied "without prejudice." At the same hearing, the lower court granted the motion for change of venue, and transferred the case to Macomb Circuit Court.

Defendants moved for accelerated judgment in

Macomb Circuit Court in August, 1984. Plaintiff's reply was that the Wayne Circuit Court had reached the proper result in denying accelerated judgment and that the decision was res judicata since no new facts had come to light. The Macomb Circuit Court heard arguments and evidence on the motion, and granted it, finding that plaintiff had knowledge of the claim sometime prior to May, 1981, and therefore the period of limitations had expired. We affirm that ruling.

II

The issue in plaintiff's first claim on appeal is whether the available facts show definitively when plaintiff knew of the existence of her claim and whether she filed her claim within the six-month period following her discovery of it.

Accelerated judgment is improper when a material factual dispute exists regarding the date of discovery of the alleged malpractice. *Leyson v Krause,* 92 Mich App 759, 763; 285 NW2d. 451 (1979); *Leary v Rupp,* 89 Mich App 145, 148; 280 NW2d 466 (1979). When a jury trial has been requested, accelerated judgment should be granted only if, based on the undisputed facts, the trial court can properly conclude as a matter of law that plaintiff's claim is barred by the statute of limitations. *Wallisch v Fosnaugh,* 126 Mich App 418, 424; 336 NW2d 923 (1983), lv den 418 Mich 871 (1983).

The applicable statute of limitations, MCL 600.5838(2); MSA 27A.5838(2), provides:

(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or

5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred.

Under *Leary v Rupp, supra,* p 149, in order for a court to determine as a matter of law that plaintiff knew or should have known of a malpractice claim by a certain date, it must be shown that plaintiff knew of the act or omission itself and had reason to believe the act was improper or done in an improper manner. See, also, *Chernavage v Gromada,* 138 Mich App 619, 625; 360 NW2d 617 (1984), rev'd in part 422 Mich 927 (1985). On the other hand, it is unnecessary that plaintiff recognize that he or she had suffered an "invasion of a legal right." *Patterson v Estate of Flick,* 69 Mich App 101, 104; 244 NW2d 371 (1976), lv gtd 399 Mich 838 (1977).

Here, the undisputed facts show that plaintiff knew or should have known of the existence of her claim prior to 1981, which was well before the six-month period allowed for filing.

Plaintiff's husband died in November, 1979. In March, 1980, plaintiff went to an attorney named Impastato for help in collecting insurance benefits. He referred her to an attorney named Morton Schneider, regarding a possible medical malpractice suit against defendants. On May 30, 1981, Schneider wrote plaintiff a letter advising her against proceeding with a malpractice action, indicating that he had two doctors review decedent's

medical records and both had advised against proceeding against defendant, Dr. Isser. Schneider indicated that he would close the file in the matter, and informed plaintiff that:

> Under the laws of the State of Michigan, any suit filed on behalf of your husband's estate would have to be filed within two years from the date of his death, or by November 14, 1981, or the claim would be barred from the statute of limitations.

Also in May, 1981, Mr. Impastato wrote a letter to plaintiff informing her that he concurred with Schneider's assessment and advising her that "you are free to contact any other attorney you wish concerning this matter . . . ."

Plaintiff did not pursue the matter again until August 1, 1982. Apparently, at that time, plaintiff met "someone", either another attorney or doctor, who convinced her that malpractice might have occurred. There is no evidence that new medical facts were discovered which gave rise to plaintiff's new awareness. Moreover, plaintiff's complaint rests upon defendant's acts and omissions which plaintiff testified in her deposition she believed were improper as far back as 1979. It is apparent plaintiff was aware at the time of her husband's death of the possible causal connection between defendant's allegedly improper conduct and the decedent's death. His death fortified plaintiff's conviction that treatment had been improper.

Plaintiff concedes that she thought treatment was improper, but argues she did not know it was malpractice. We have previously rejected this argument. Plaintiff need not obtain a medical opinion stating that the act in question constitutes negligence. *Jackson v Vincent*, 97 Mich App 568, 575-576; 296 NW2d 104 (1980). There is also the

issue of whether plaintiff's consultation with an attorney prior to the six-month period is sufficient evidence as a matter of law to establish that plaintiff knew of the existence of a claim. In *Tonegatto v Budak,* 112 Mich App 575, 581, n 1; 316 NW2d 262 (1982), this Court indicated that visiting an attorney indicates knowledge of a possible malpractice claim. But see *Jackson v Vincent, supra,*[1] The dispositive question is whether the undisputed facts reveal that plaintiff was aware of a possible cause of action more than six months prior to filing suit. If so, it is a question of law whether she discovered or should have discovered a claim. *Tonegatto, supra,* p 581, n 1.

Here, plaintiff's visit to attorney Schneider yielded a thorough investigation of her claim. Two medical experts were employed, decedent's medical records were reviewed and plaintiff was informed of their conclusions. Therefore, we believe that plaintiff was aware of a possible cause of action in May, 1981, during the period Schneider investigated the possibility of a lawsuit, which was well before the six-month period allowed for filing. This was a question of law which the lower court properly decided.[2] Therefore, accelerated judgment was proper.

---

[1] In *Jackson v Vincent, supra,* pp 573-574, the Court stated:

> Nor can we say that consulting an attorney is sufficient proof that plaintiff was aware she had a claim for malpractice. This Court views with disfavor determining by accelerated judgment that a plaintiff is aware that a surgeon's conduct was tortious.

[2] We do not read the opinion letters written by Impastato and Schneider as informing plaintiff that she had "no claim", rather, we think that the import of the letters was that her claim was not worth pursuing. Plaintiff's 1979 belief that treatment was improper was certainly a "claim". There is little doubt that in 1979 such a cause of action could have withstood a motion for summary judgment under GCR 1963, 117.2(1). Merely because plaintiff began two years after the date of the last treatment to assess more optimistically the merits of her claim does not mean that she discovered its existence at that point.

III

We also reject plaintiff's contention that defendants' second motion for accelerated judgment in Macomb Circuit Court was actually a motion for rehearing of the previous motion which had already been entertained in Wayne Circuit Court and which was not timely filed. Because the Wayne Circuit Court denied defendant's motion for accelerated judgment "without prejudice," the issues were open to be relitigated in the subsequent proceeding. *McIntyre v McIntyre,* 205 Mich 496, 500; 171 NW 393 (1919); *LaBour v Michigan National Bank,* 335 Mich 298, 302; 55 NW2d 838 (1952). We conclude that the Wayne Circuit Court's order denying defendant's motion for accelerated judgment did not bar the Macomb Circuit Court from subsequently entertaining and granting the motion.

Affirmed.