HARDWICK v REDDY

Docket No. 110031. Submitted December 4, 1989, at Detroit. Decided
March 7, 1990.

Charlie Hardwick brought a medical malpractice action in Wayne
Circuit Court against J. M. R. Reddy, M.D. The trial court,
Sharon Tevis Finch, J., denied a motion for summary disposi-
tion brought by defendant, who had contended that the action
was barred by the statute of limitations since plaintiff brought
his claim more than six months after plaintiff discovered the
asserted malpractice. Defendant appealed by leave granted.

The Court of Appeals *held:*

The initial consultation by plaintiff with his attorney more
than six months before plaintiff brought his action is not
necessarily proof that plaintiff discovered or should have dis-
covered the asserted malpractice at the time he consulted with
his attorney. The trial court therefore did not err in denying
defendant's motion for summary disposition.

Affirmed.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

An action for medical malpractice must be brought within two
years after the claim first accrues or within six months after
the plaintiff discovers or should have discovered the existence
of the claim (MCL 600.5805[4], 600.5838a; MSA 27A.5805[4],
27A.5838[1]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — MEDICAL MAL-
   PRACTICE — DISCOVERY OF MALPRACTICE.

Summary disposition is improper in a medical malpractice action
when a material factual dispute exists regarding the date of
discovery of the alleged malpractice.

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — DISCOVERY OF
   MALPRACTICE.

In ascertaining whether a medical malpractice plaintiff discov-

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 321, 362.
When statute of limitations commences to run against malpractice
action against physician, surgeon, dentist, or similar practitioner.
80 ALR2d 368.

ered the asserted malpractice within the six-month period provided under the statute of limitations, it must be determined when he first learned of the act or omission asserted as malpractice; in addition, the plaintiff must have good reason to believe that the act was improper or was done in an improper manner; initial consultation by the plaintiff with an attorney is not necessarily proof that the plaintiff had good reason to believe himself to be the victim of medical malpractice at the time of consultation with the attorney (MCL 600.5838a; MSA 27A.5838[1]).

*Charlie C. Taylor,* for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Joseph R. Assenzo*), for defendant.

Before: MARILYN KELLY, P.J., and GRIBBS and R. B. BURNS,* JJ.

PER CURIAM. Defendant appeals by leave granted the circuit court's order denying his motion for summary disposition. He alleges that plaintiff's medical malpractice claim is barred by the statute of limitations. MCR 2.116(C)(7). We disagree and affirm.

In October, 1981, plaintiff began seeing defendant, a psychiatrist, for various mental problems and for periodic impotency. As part of the treatment, defendant prescribed two drugs, Dalmane and Desyrel. Plaintiff's last appointment with defendant was on December 12, 1984. He continued, however, to take the medication after discontinuing treatment. His impotency became chronic and permanent.

On October 9, 1985, plaintiff went to the emergency room of Henry Ford Hospital for a nervous problem involving his hands. The physician, Dr.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Richardson, advised him to stop taking Desyrel. Plaintiff claims it was because of the drug's effect on his nerves. Defendant maintains that Dr. Richardson told plaintiff Desyrel was causing his impotency.

On June 9 and July 13, 1986, plaintiff saw Dr. McMurtry, a urologist, in an effort to determine the cause of his impotency. The doctor took plaintiff's history on both visits. He looked up Desyrel in the Physician's Desk Reference and explained to plaintiff the relationship between the drug and sexual dysfunction. Plaintiff told Dr. McMurtry that a psychiatrist who treated him, Dr. Zamaria, advised him that his impotency was related to the medication he had taken.

At some point, plaintiff retained an attorney, Russell Burns. On October 7, 1986, the attorney sent a letter to Dr. McMurtry. He requested plaintiff's medical records and the doctor's opinion as to the cause of plaintiff's impotency.

In a reply letter dated October 21, 1986, Dr. McMurtry mentioned that plaintiff had been told by Dr. Richardson that his impotence was due to Desyrel. He also stated that Dr. Zamaria had conducted a test on plaintiff and concluded that the effects of Desyrel could not be ruled out. He had asked Dr. Zamaria to send him a report along with his opinion on the cause of plaintiff's condition.

Dr. McMurtry did not receive the report until March, 1987, at which time he forwarded it to attorney Burns. Plaintiff claims he learned of the malpractice only on April 10, 1987, when he first saw the Zamaria report and discussed it with Dr. McMurtry.

There is no question that plaintiff did not bring suit within the two-year statute of limitations. MCL 600.5805(4); MSA 27A.5805(4). The sole issue

before the trial court and on appeal is whether plaintiff made his claim within six months after he discovered or should have discovered its existence. MCL 600.5838a; MSA 27A.5838(1). The trial judge found there was no showing that plaintiff knew of a breach of the standard of care by defendant before the month he filed his action. It could not be said that he should have known, inasmuch as he underwent continuing treatment to determine the cause of his impotency until the time of filing.

Summary disposition is improper when a material factual dispute exists regarding the date of discovery of alleged malpractice. *Szatkowski v Isser,* 151 Mich App 264, 268; 390 NW2d 668 (1986). All well-pled allegations must be accepted as true. *Tonegatto v Budak,* 112 Mich App 575, 579; 316 NW2d 262 (1982). In order to find that a plaintiff knew of the asserted malpractice, one must determine when he first learned of the act or omission which caused it. In addition, plaintiff must have good reason to believe that the act was improper or was done in an improper manner. *Pendell v Jarka,* 156 Mich App 405, 412; 402 NW2d 23 (1986), lv den 428 Mich 880 (1987).

In this case, it seems clear that plaintiff knew or had good reason to believe as soon as June, 1986, that Desyrel was causing his impotency. He had earlier been advised to discontinue taking the drug, and Dr. McMurtry had explained the side effects to him.

However, knowledge of the act itself is not enough to trigger the time clock on the six-month period. Plaintiff must also have good reason to believe that the act was improper. Defendant claims that plaintiff surely had reason enough to formulate that belief by the time he sought an attorney.

We are unwilling to conclude that the act of consulting an attorney necessarily proves that someone has good reason to believe himself the victim of malpractice. *Jackson v Vincent,* 97 Mich App 568, 573; 296 NW2d 104 (1980).

It may evidence merely a suspicion and desire for a legal opinion on the question. In *Szatkowski, supra,* the plaintiff was held to have acquired adequate information to commence running of the statute of limitations. The fact she was aware of a medical malpractice claim was proven by her consultation with an attorney and his thorough investigation and recommendation to her.

In this case, there is nothing which demonstrates convincingly that plaintiff had good reason to know there was malpractice when he retained Mr. Burns. It is quite possible that he believed his permanent impotency was the unfortunate and highly unlikely side effect of a drug essential to his treatment in the early 1980s. Attorney Burns, himself, appears not to have determined there was a possible breach of the standard of care until he spoke with Dr. McMurtry in April, 1987. He filed the claim on April 10, 1987. Thus, we conclude that the trial judge did not err in finding the claim not barred by the statute of limitations.

Affirmed.