BARBARA LINDSAY *vs.* JOHN ROMANO.

Plymouth. April 9, 1998. - July 9, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Limitations, Statute of. Practice, Civil,* Summary judgment. *Medical Malpractice,* Statute of limitations. *Negligence,* Medical malpractice, Doctor.

In a medical malpractice action, the judge incorrectly ordered summary judgment in favor of the defendant in circumstances in which a genuine dispute existed as to when the plaintiff's cause of action accrued. [774-776]

CIVIL ACTION commenced in the Superior Court Department on March 17, 1995.

The case was heard by *Robert L. Steadman,* J., on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Sumner D. Goldberg (Sandra S. Swartz* with him) for the plaintiff.

*Philip S. Lotane* for the defendant.

ABRAMS, J. At issue is whether the plaintiff's medical malpractice action was time barred. A judge of the Superior Court allowed the defendant's motion for summary judgment, concluding that the limitations period set forth in G. L. c. 260, § 4, had run. The Appeals Court affirmed, pursuant to its rule 1:28. *Lindsay* v. *Romano,* 43 Mass. App. Ct. 1120 (1997). We allowed the plaintiff's application for further appellate review. We reverse the judgment of the Superior Court and remand for further proceedings.

1. *Facts.* Because the case is before us on the defendant's motion for summary judgment, we assume the truth of all the facts alleged by the plaintiff, as well as give the plaintiff the benefit of any favorable inferences reasonably drawn from those facts. See *Attorney Gen.* v. *Bailey,* 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti,* 459 U.S. 970 (1982).

The plaintiff, Barbara Lindsay, suffering from urinary incontinence, sought treatment from the defendant, Dr. John Romano, in March, 1988. On July 13, 1988, the defendant performed a Stamey urethropexy and cystoscopy (surgical procedures) on the plaintiff. The operation involved inserting a gortex pledget into the plaintiff's body to help suspend the plaintiff's bladder. During the surgery, the defendant pierced the wall of the plaintiff's bladder with a suture, causing an infection. After the surgery, the plaintiff experienced a high fever and severe pain in her hips and buttocks. The plaintiff informed the defendant of her symptoms. After several consultations with the plaintiff, the defendant told the plaintiff that he was "at a loss" to explain the plaintiff's symptoms. He told the plaintiff that the symptoms might be due to arthritis or sciatica brought on by the surgery. Admitting that he was "baffled," the defendant referred the plaintiff to an orthopedic surgeon.

The plaintiff was examined by the orthopedic surgeon, who diagnosed the plaintiff's condition as a joint or lumbar strain. The orthopedic surgeon prescribed medication, physical therapy, and the use of an orthopedic brace. Despite following the orthopedist's recommendations, the plaintiff continued to experience pain.

On October 14, 1988, the plaintiff's lawyer wrote a letter to the defendant alleging that the defendant had treated the plaintiff negligently. The lawyer never filed suit on behalf of the plaintiff.

Because the orthopedic treatments afforded her no relief, the plaintiff consulted with seven other physicians in order to determine the cause of her symptoms.[1] None of the physicians was able to diagnose the plaintiff's condition, and none attributed it to the defendant's actions.

On March 26, 1992, an eighth physician, Dr. Charles Kawada, performed exploratory surgery on the plaintiff. During the surgery, Dr. Kawada discovered a piece of fabric remaining in the plaintiff's body from the 1988 operation. The site was infected and Dr. Kawada removed the fabric. The plaintiff's condition immediately improved after this surgery. The plaintiff, represented by new counsel, commenced this action on March 17, 1995.

The defendant moved for summary judgment on the ground

---

[1]The plaintiff consulted with two internists, two urologists, and three specialists in obstetrics and gynecology.

that the plaintiff's action was barred by the three-year limitations period set forth in G. L. c. 260, § 4.[2] The plaintiff argued that her claim was timely because her cause of action did not accrue until the second surgery on March 26, 1992, when she "discovered" that the defendant's actions caused her injury. A judge in the Superior Court allowed the defendant's motion. The judge determined that the plaintiff's cause of action accrued no later than October 14, 1988, when the plaintiff's lawyer wrote the claim letter to the defendant. The judge concluded, therefore, that the plaintiff's action, commenced six and one-half years after the cause of action accrued, was time barred.

2. *Summary judgment.* Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See *McGuinness* v. *Cotter*, 412 Mass. 617, 620 (1992); *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991); Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). When considering a motion for summary judgment, a judge should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Mass. R. Civ. P. 56 (c). A judge should not make any findings of fact. *Riley* v. *Presnell*, 409 Mass. 239, 244 (1991). Summary judgment should not be granted "merely because the facts [offered by the moving party] appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial." *Attorney Gen.* v. *Bailey, supra* at 370, quoting *Hayden* v. *First Nat'l Bank*, 595 F.2d 994, 997 (5th Cir. 1979).

The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on the issue if the case were to go to trial. *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989). Where summary judgment is sought on the basis of a statute of limitations, once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's claim exceeds the applicable limita-

---

[2]General Laws c. 260, § 4, provides, in pertinent part: "Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitoria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body."

tions period, the burden is on the plaintiff to prove her claim falls within the discovery rule. See *McGuinness, supra* at 620; *Teller* v. *Schepens*, 381 Mass. 621, 623 (1980); *Franklin* v. *Albert*, 381 Mass. 611, 619 (1980).

3. *Accrual of the plaintiff's cause of action.* A cause of action for medical malpractice accrues when the plaintiff learns, or reasonably should have learned, that he or she was harmed by the defendant's conduct. *Franklin* v. *Albert, supra* at 619.[3] Thus, a cause of action accrues when the plaintiff "(1) knew or had sufficient notice that she was harmed; and (2) knew or had sufficient notice of the cause of the harm." *McGuinness, supra* at 627. It is not necessary that the plaintiff have notice that the defendant was actually responsible for the injury, only that she have knowledge or sufficient notice that the medical care given by the defendant may have caused the injury. *Id.* at 627-628. "In determining whether a party has sufficient notice of causation, our inquiry is whether, based on the information available to the plaintiff, a reasonably prudent person in the plaintiff's position should have discovered the cause of his or her injuries." *Id.* at 628. When a plaintiff knew or should have known of his cause of action is a question of fact to be determined by the jury. See *Riley, supra* at 248. The plaintiff argues that the time at which her cause of action accrued is in dispute and therefore summary judgment was not appropriate. We agree.

The plaintiff contends that she did not have notice that the defendant's conduct may have caused her harm until after the surgery performed by Dr. Kawada on March 26, 1992. Nor, claims the plaintiff, could she reasonably have done anything more to discover the source of her symptoms. After experiencing post-surgical symptoms and pain, she returned to her doctor. When he had no explanation and referred her to an orthopedist,

---

[3] In *Franklin* v. *Albert*, 381 Mass. 611 (1980), we overruled our prior decisions in *Capucci* v. *Barone*, 266 Mass. 578, 581 (1929), and *Pasquale* v. *Chandler*, 350 Mass. 450 (1966), where we held that a cause of action for medical malpractice accrued at the time of the act of the malpractice. In *Franklin* v. *Albert*, we noted that statutes of limitations are premised on the policies of affording repose in order to promote social stability and encouraging plaintiffs to bring actions while evidence is fresh and available. In adopting the discovery rule, we reasoned that rigid application of the accrual at the time of the act rule created a "manifest injustice" by punishing blamelessly ignorant plaintiffs whose malpractice actions become time barred before they reasonably could know of the harm they had suffered. See *Franklin* v. *Albert, supra* at 617-618.

she followed up with the new doctor. The orthopedist told the plaintiff that her symptoms were related to an orthopedic problem. When the prescribed treatment did not alleviate her problems, she pursued numerous other medical opinions. No physician, until Dr. Kawada, pointed to the defendant's medical care as the source of the plaintiff's injury.[4] Therefore, the plaintiff contends that, although she was aware of her injury, there is a triable issue as to whether she had notice that the defendant may have been the cause of her harm before Dr. Kawada told her about the infected surgical material.

The defendant argues that the plaintiff's lawyer's letter to the defendant several months after surgery, and after the consultation with the orthopedist, proves that the plaintiff was sufficiently on notice at that time that the defendant might have been the cause of her injury. We disagree. Although the letter is evidence that the plaintiff suspected a link between her injuries and the defendant's conduct, it is not dispositive of the issue of when the plaintiff was aware that the defendant's actions may have caused her harm. See *Hardwick* v. *Reddy*, 184 Mich. App. 529, 533 (1990) (consultation with an attorney not dispositive of whether plaintiff on notice of malpractice). Compare *Szatkowski* v. *Isser*, 151 Mich. App. 264, 269-270 (1986) (plaintiff sufficiently on notice of claim where she consulted with two attorneys who thoroughly investigated claim). In light of the numerous medical opinions the plaintiff received that failed to establish any link between the defendant's conduct and the plaintiff's injury, the plaintiff may reasonably have concluded that the defendant's conduct was not the cause of her injury. See *Pedersen* v. *Zielski*, 822 P.2d 903, 907 (Alaska 1991) (where plaintiff inquired of his physicians and hired lawyers to investigate the source of his injury, court, in reversing grant of summary judgment, concluded that "[r]easonable minds may differ" as to whether plaintiff reasonably did not discover that defendants' malpractice was the source of his injury); *Lo* v. *Honda Motor Co.*, 73 Wash. App. 448, 464 (1994) (where no physician prior to the seventh physician consulted made any connection between the plaintiff's injury and the defendants'

---

[4]This case differs from the cases cited by the defendant in which the plaintiff essentially did nothing to investigate the cause of his injury, see, e.g., *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. 378 (1985), or the plaintiff's physician identified the cause of his injury, see, e.g., *Fidler* v. *Eastman Kodak Co.*, 714 F.2d 192 (1st Cir. 1983).

conduct, triable issue whether plaintiff reasonably did not discover that defendants' alleged medical malpractice may have been source of injury). Whether, in fact, this is what occurred, is for a jury to determine.

4. *Conclusion.* Because there is a genuine dispute as to when the plaintiff's cause of action accrued, the defendant's motion for summary judgment should not have been allowed. The judgment of the Superior Court is reversed and the case remanded for further proceedings consistent with this opinion.

*So ordered.*