PAULA MARTINEZ & another[1] *vs.* THE SHERWIN WILLIAMS COMPANY & another.[2] No. 98-P-1118. November 3, 2000. *Limitations, Statute of.*

Six months after her 1983 promotion to the position of production supervisor in the printed wire board lamination department of her employer, the plaintiff, Paula Martinez, noticed her eyes were itchy. She subsequently developed other symptoms — a funny feeling in her face in 1985; palpitations and confusion in 1985-1986; memory loss in 1988-1989; and joint pain and flu-like symptoms with headaches in 1990. In her new position, the plaintiff was regularly exposed to various solvent sprays. Nevertheless, she did not file suit against the defendant manufacturers of the offending substances until January 3, 1995, shortly after she was laid off. Her amended complaint alleged negligence, breach of warranty, and violation of G. L. c. 93A, all based on a failure to warn. The statutes of limitations for these claims are three years for the first two and four years for the c. 93A claim. A Superior Court judge allowed the defendants' motion for summary judgment on the ground that the plaintiffs' claims are barred by the statutes of limitations. We affirm.

As soon as she began experiencing symptoms, the plaintiff believed that they were connected to the substances to which her new employment responsibilities exposed her. She mentioned her symptoms to her gynecologist in 1985. In 1986 or 1987, she reported her health problems and the similar symptoms of some of those she supervised to the company nurse. However, it was not until 1990 that the plaintiff began a series of visits to specialists. These doctors had varied opinions as to whether her symptoms were related to the solvents. The plaintiff argues that, because of the uncertainty of the diagnoses as well as the cause of her symptoms, the discovery rule applies, see *Olsen* v. *Bell Tel. Labs., Inc.,* 388 Mass. 171, 175 (1983), and it was a jury question as to when she reasonably should have known that the defendants caused her harm. See *Riley* v. *Presnell,* 409 Mass. 239, 247-248 (1991).

The Superior Court judge rejected this argument and concluded that "a

---

[1]Orlando Martinez.

[2]Miller-Stephenson Chemical Company, Inc.

plaintiff's own personal belief as to causation, although insufficient to support a claim that would require expert testimony, triggers the running of the statute of limitations." We agree that the plaintiff's failure to "discover from the legal, scientific, and medical communities whether [her] theory of causation [was] supportable and whether it support[ed] a legal claim," *Bowen* v. *Eli Lilly & Co.*, 408 Mass. 204, 208 (1990), quoting from *Fidler* v. *Eastman Kodak Co.*, 714 F.2d 192, 199 (1st Cir. 1983), dooms her complaint. We need not decide whether or not the plaintiff's subjective belief alone, in a developing field, see *Canavan's Case*, 432 Mass. 304, 315-316 (2000), triggered the running of the statutes of limitations, because here the plaintiff did not seek answers until she began to consult specialists in 1990, more than six years after her first symptoms appeared. Compare *Lindsay* v. *Romano*, 427 Mass. 771, 772 (1998) (material factual issue presented precluding summary judgment where patient consulted with original surgeon and eight other doctors over period of more than three years in effort to determine cause of her symptoms).

The specialists the plaintiff finally consulted, while admittedly uncertain as to the cause of her symptoms, see *ibid.*, recommended a "worksite evaluation" in November, 1990, and an "industrial hygiene evaluation" in September, 1991. They also recommended that she "remain out of work for a short time" in November, 1990, or seek a job transfer in September, 1991. She declined to follow any of these suggestions, purportedly out of fear of losing her job. "If we were to take cognizance of [employment relationships] in determining the date of accrual of a cause of action[,] there would be little left to statutes of limitations." *Olsen* v. *Bell Tel. Labs., Inc.*, 388 Mass. at 176. A plaintiff may not extend the running of a statute of limitations by unilaterally declining to follow the course of action her doctors advise to determine the cause of her injuries.

*Judgment affirmed.*

*David F. Cavers, Jr.*, for the plaintiffs.

*Lawrence G. Cetrulo* for The Sherwin Williams Company.

*John J. O'Connor, Jr.*, for Miller-Stephenson Chemical Company, Inc.