Brassard, J.
This cause of action arises out of the dental treatment that was provided to plaintiff Maria Coiameta (“Ms. Coiameta”) by the defendant Daniel Harris, D.M.D. (“Dr. Harris”). Ms. Coiameta alleges that Dr. Harris’s careless and negligent treatment of her constitutes a claim for dental malpractice. Dr. Harris now moves for summary judgment pursuant-to Mass.R.Civ.P. 56 on this sole count.
BACKGROUND
On January 3, 1995, Dr. Harris began treating Ms. Coiameta as a patient when she first came to his office. During Ms. Colameta’s treatment, Dr. Harris performed a series of dental implants on her. On February 15, 1996, Dr. Harris performed a procedure that required him to realign Ms. Colameta’s temporary bridge. This procedure involved grinding down on the bridge in order to adjust it to Ms. Colameta’s bite. Ms. Coiameta admits that the bridge did not feel right at this time, and that she felt Dr. Harris’s treatment may have been inappropriate. Dr. Harris and Ms. Coiameta never met in person after this procedure. On September 27, 1996, Dr. Harris discussed a regular three-month hygiene checkup with Ms. Coiameta over the telephone. On October 9, 1996, Ms. Coiameta saw Dr. Harris’s hygienist for a cleaning and x-rays. Ms. Coiameta contends that she still considered herself a patient of Dr. Harris at this point in time. On April 3, 1997, the two parties had another phone conversation in which they discussed Ms. Colameta’s oral hygiene and the seriousness of her gum disease. Ms. Coiameta alleges that although she was unhappy with the temporary bridge which Dr. Harris had inserted, it was not until her visit with Dr. Malouf on August 4, 1997, that she realized she had been harmed. Dr. Malouf informed her that he would need to test all the previously placed implants and remove the implants if there was any question as to their viability. Ms. Coiameta filed this complaint against Dr. Harris on September 17, 1999.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56 (c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
II. Dental Malpractice
In order to prevail on a claim of dental malpractice, Ms. Coiameta must show that 1) Dr. Harris owed her a duty of care; 2) Dr. Harris breached that duty of care; 3) Dr. Harris’s breach of duty proximately caused her harm; and 4) Ms. Colameta suffered actual harm. Berardi v. Menicks, 340 Mass. 396, 399 (1960).
The main issue presented in this motion is whether Ms. Colameta’s claim for malpractice is barred by M.G.L.c. 260, §4, which states that, “actions of tort for malpractice . . . shall be commenced only within three years next after the cause of action accrues.” The time at which the cause of action accrued is the center of the dispute between the two parties.
The general principle is that a cause of action in tort accrues at the time of the injury to the plaintiff. Frank Cooke, Inc. v. Hurwitz, 10 Mass.App.Ct. 99, 106 (1980). However, this principle is not always of prac *702 tical use in certain types of cases where the injury goes undetected for a period of time. Id. Therefore, the “discovery rule” allows for causes of action based on inherently unknowable wrongs not to accrue until the plaintiff learned or reasonably should have learned that she has been harmed by the defendant’s conduct. White v. Peabody Constr. Co., 386 Mass. 121, 129-30 (1982). Under the “discovery rule,” the court must examine whether the plaintiff knew or had sufficient notice that she was harmed. Lindsay v. Romano, 427 Mass. 771, 774 (1998). In order for Dr. Harris to prevail on his summary judgment motion, he must show that there is no genuine dispute as to whether Ms. Colameta knew or should have known of her cause of action in February 1996. Only if a reasonable person in Ms. Colameta’s position would have been able to appreciate the harm in February 1996, will the cause of action accrue and the limitations period begin to run. Riley v. Presnell, 409 Mass. 239, 245 (1991).
Dr. Harris contends that any cause of action alleged by Ms. Colameta accrued on February 15, 1996, when he conducted the surgery to insert the temporary bridge. Dr. Harris’s first argument is that Ms. Colameta was fully aware and had actual knowledge of the harm that she suffered and its cause after the surgery on February 15, 1996. Dr. Harris urges the court to consider Ms. Colameta’s deposition testimony. In her deposition of November 22, 2000, Ms. Colameta stated that she was experiencing some discomfort with the temporary bridge after the surgery. Ms. Colameta also stated that, at that time, she had some concerns about the appropriateness of the treatment that she had received from Dr. Harris. However, these statements seem far from conclusive. While Ms. Colameta admittedly questioned the treatment she received from Dr. Harris, she continued as a patient in his office until at least October 9, 1996, when she visited his hygienist for a cleaning and x-rays. She also spoke to Dr. Harris on the phone on two occasions to discuss further treatment. From these interactions with Dr. Harris and his employees, a jury may conclude that Ms. Colameta’s initial concerns about her treatment were not as serious as Dr. Harris asserts. If Ms. Colameta felt strongly that Dr. Harris’s conduct was inappropriate, she arguably would not have returned for further treatment in his office. Ms. Colameta further alleges that she was not fully aware of the harm that she had suffered until August 4, 1997, when she visited Dr. Malouf for further consultation on the implants and temporary bridge. In light of all of the circumstances, including Ms. Colameta’s continued treatment at Dr. Harris’s office, the telephone consultations with Dr. Harris, and the assertions of Ms. Colameta that she was not fully aware of her injuries until a consultation with Dr. Malouf, there is a genuine issue of material fact as to whether Ms. Colameta had actual knowledge of her injuries before September 17, 1996.[1]
If Ms. Colameta’s admission in her deposition is not sufficient to show actual knowledge of the harm, Dr. Harris argues that Ms. Colameta’s knowledge of the injury was sufficient to stimulate further inquiry which would have alerted her to a cause of action against him. Hanson Housing Auth. v. Dryvit System, Inc., 29 Mass.App.Ct. 440, 446 (1990). The required knowledge of injury occurs when the plaintiff reasonably should have known that she had been harmed by the defendant. Id. Dr. Harris points this court to three cases in which claims were barred based on the principle that the plaintiff need not appreciate the full extent of her injury in order for the cause of action to accrue. White v. Peabody Constr. Co., 386 Mass. 121 (1982); Hanson Housing Auth. v. Dryvit System, Inc., 29 Mass.App.Ct. 440 (1990); Gore v. Daniel O’Connell’s Sons, Inc., 17 Mass.App.Ct. 645 (1984). In Hanson Housing Auth., the Appeals Court held that the plaintiff reasonably should have known of the damages to the apartment building upon witnessing the falling out of caulking, bubbling in the finish coat, two big cracks, and the ability to move the exterior wall. Hanson Housing Auth., 29 Mass.App.Ct. 440, 447 (1990). In Gore, the Appeals Court found that the plaintiff had the requisite knowledge as to the cause of his injury because his injuiy occurred ata construction site when a piece of lumber landed on his head. Gore, 17 Mass.App.Ct. 645, 646-47 (1984). Therefore, the statute of limitations began to run at that time. Id. at 648. In the last of the three cases, the plaintiffs did not realize the full extent of the damages. However, the SJC found that a leak in the roof was sufficient to alert the plaintiffs to a cause of action against the defendants. Therefore, the cause of action accrued upon learning of the leak. White, 386 Mass. 121, 129-30 (1982).
Cracks, leaks, and fallen lumber are a great deal more indicative of damages and liability than discomfort following oral surgery. In light of prior caselaw and the present facts, there is a genuine dispute as to whether a reasonable person in Ms. Colameta’s position would have known that she had been harmed. Riley, 409 Mass. 239, 245 (1991). Because there are also issues of material fact as to whether Ms. Colameta had actual knowledge of her injuries, Dr. Harris’s motion for summary judgment is DENIED.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is DENIED.

 The main focus of Ms. Colameta’s argument is that she was not fully aware of her injuries until a consultation with Dr. Malouf on August 4, 1997. However, if Ms. Colameta demonstrates that she still lacked knowledge of her injuries in October 1996 when she visited Dr. Harris’s hygienist, then her claim would not be barred by the three-year statute of limitations.