SHELDON v SISTERS OF MERCY HEALTH CORPORATION

Docket No. 49211. Submitted October 14, 1980, at Lansing.—Decided November 21, 1980.

Norman Sheldon and Ardith Sheldon brought an action for malpractice against the Sisters of Mercy Health Corporation (St. Lawrence Hospital), A. J. Phelan, M.D., Gaius D. Clark, M.D., and Dr. Rivers. Defendants moved for accelerated judgment on the basis that plaintiffs' action was barred, the statute of limitations having run. Ingham Circuit Court, Robert Holmes Bell, J., granted defendants' motion. Plaintiffs appeal. *Held:*

1. Plaintiffs' action against the individual doctors is barred by the statute of limitations, having been brought more than two years after the last treatment by any defendant doctors and more than six months after plaintiffs discovered or should have discovered the alleged malpractice. No fraudulent concealment which would have tolled the statute was shown.

2. Plaintiffs' action against the hospital was filed within the two-year statute of limitations. The hospital may be liable for malpractice even though the individual defendant doctors are not. Accordingly, accelerated judgment as to the hospital was improper.

Affirmed in part, reversed in part.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 40 Am Jur 2d, Hospitals and Asylums § 39.

61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 181.

Statute of limitations applicable to malpractice actions against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

Applicability, to negligence action against hospital, of statute of limitations applicable to malpractice and related actions against physicians, surgeons, or the like. 89 ALR2d 1180.

[2, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 182, 183.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 184.

1. Limitation of Actions — Medical Malpractice — Statutes.

   The limitation of actions for medical malpractice is two years (MCL 600.5805[4]; MSA 27A.5805[4]).

2. Limitation of Actions — Medical Malpractice — Accrual of Claims — Statutes.

   An action for medical malpractice is barred where it is brought more than two years after the last treatment of a plaintiff by a defendant or six months after a plaintiff discovers or should have discovered the existence of the malpractice (MCL 600.5838; MSA 27A.5838).

3. Limitation of Actions — Fraudulent Concealment — Medical Malpractice — Statutes.

   Fraudulent, affirmative concealment of the existence of a claim through the employment of artifice, planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action, tolls the running of the statutory limitation of actions for medical malpractice (MCL 600.5805[4], 600.5855; MSA 27A.5805[4], 27A.5855).

4. Hospitals — Physicians and Surgeons — Medical Malpractice — Liability.

   A hospital may be liable for medical malpractice to a patient who seeks medical aid from it, even though individual doctors who administer treatment are not liable.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John G. Konkel)*, for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Anthony G. Arone)*, for Sisters of Mercy Health Corporation.

*Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith)*, for defendants Phelan, Clark and Rivers.

Before: M. F. Cavanagh, P.J., and T. M. Burns and R. H. Campbell,* JJ.

Per Curiam. On August 2, 1976, Norman Sheldon fell at work and sustained injuries to both his

* Circuit judge, sitting on the Court of Appeals by assignment.

ankles. He was taken to St. Lawrence Hospital where his right foot was placed in a cast. On August 16, 1976, Sheldon returned to the hospital and complained that his left foot hurt. Nothing was done to his left foot until August 25, 1976, when it was discovered he had sustained a fractured left ankle. The ankle was placed in a cast which had to be replaced on August 31, 1976. During his visits to the hospital, Sheldon was treated by the three individual defendants, but, in November of 1976, Sheldon ceased seeing any of the individual defendants. On January 11, 1977, Sheldon had corrective surgery performed on his left ankle at St. Lawrence Hospital. He last visited the hospital on March 11, 1977.

On March 8, 1979, the plaintiffs filed their complaint, alleging malpractice against the hospital and the individual doctors. The defendants filed a motion for accelerated judgment, claiming that the statute of limitations had run, barring plaintiffs' action. The trial court granted defendants' motion. Plaintiffs filed for rehearing on defendants' motion or, in the alternative, for leave to amend their complaint, but the trial court denied their motion. Plaintiffs now appeal by right.

The statute of limitations for malpractice is two years. MCL 600.5805(4); MSA 27A.5805(4). Accrual of the statute is governed by MCL 600.5838; MSA 27A.5838, which states:

"Sec. 5838 (1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who

is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 or 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred."

Therefore, under the statute, a malpractice suit is barred if brought more than two years after the last treatment by a defendant or six months after discovery of the malpractice. Sheldon was last treated by the three individual defendants in November 1976. Under MCL 600.5838; MSA 27A.5838, the period of limitations began to run in November, 1976, and plaintiffs' action against the individual defendants was barred by the statute. The plaintiffs, however, claim that Dr. Clark fraudulently concealed this malpractice, preventing the statute from running under MCL 600.5855; MSA 27A.5855.

In *DeHaan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932), the Supreme Court stated, "[f]raudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action. The acts

relied on must be of an affirmative character and fraudulent." In *Eschenbacher v Hier*, 363 Mich 676, 681; 110 NW2d 731 (1961), the Supreme Court applied this test when it affirmed a lower court's finding that a doctor did not fraudulently conceal a malpractice claim by telling a patient that his head pains would disappear.

In this case, Clark told Sheldon his leg was healing. Clark did nothing to mislead or hinder the plaintiff's acquisition of information which would disclose a right of action. Further, Sheldon knew of the alleged malpractice when corrective surgery was performed on January 11, 1977, and, under MCL 600.5855; MSA 27A.5855, the period of limitations began to run on that date. Therefore, plaintiffs' action against the three individual defendants is barred by the statute of limitations.

The hospital is also subject to the same statute of limitations. Norman Sheldon's last treatment at the hospital was on March 11, 1977, and the statute began to accrue at that time. The plaintiffs filed their complaint on March 8, 1979, which was within the two-year period of limitations. The hospital, however, contends that the immunity of the three doctors extends to the hospital. In *Grewe v Mt Clemens General Hospital*, 404 Mich 240, 255; 273 NW2d 429 (1978), the Supreme Court held that a hospital could be liable for malpractice to a patient who had sought medical aid from the hospital even though the individual doctors were not liable. In this case, Sheldon sought medical aid from the hospital and not the individual doctors. Therefore, the hospital may be liable even though the individual doctors are not, and the statute of limitations does not bar this action as to it. Accordingly, accelerated judgment as to defendant hospital was improper.

Affirmed in part, reversed in part.