DUNMORE v BABAOFF

Docket No. 79787. Submitted November 15, 1985, at Detroit.—Decided
    December 9, 1985.

  Willie B. Dunmore brought a medical malpractice action in
    Wayne Circuit Court against Dr. E. Babaoff and Sinai Hospital,
    alleging that on August 29, 1979, while under general anesthe-
    sia for a scheduled laparoscopy, D & C, and tubal ligation, Dr.
    Babaoff discovered that there was a possibility that plaintiff
    was pregnant and, without plaintiff's consent, performed suc-
    tion curettage upon plaintiff before proceeding with the sched-
    uled procedures. Plaintiff's deposition testimony indicated that
    at a post-operative checkup in September, 1979, Dr. Babaoff
    informed her that she might have been pregnant at the time he
    performed the various surgical procedures but that the exis-
    tence of the pregnancy could only be verified when he received
    certain lab reports. Because she believed that she was not
    pregnant, plaintiff did nothing until May, 1982, when, upon
    review of her hospital records, plaintiff learned that she, in-
    deed, had been pregnant. Plaintiff then filed her complaint,
    alleging both medical malpractice and fraudulent concealment
    by Dr. Babaoff of the fact of plaintiff's pregnancy and his
    performing of an abortion upon plaintiff. Defendants moved for
    summary judgment on the basis that no dispute as to a mate-

REFERENCES

Am Jur 2d, Fraud and Deceit §§ 144-151, 174-176, 403-415.

Am Jur 2d, Limitation of Actions §§ 146-152.

Am Jur 2d, Physicians, Surgeons, and other Healers § 322.

Am Jur 2d, Summary Judgment §§ 26, 27.

Medical malpractice-liability based on misrepresentation of the
    nature and hazards of treatment. 42 ALR4th 543.

When statute of limitations begins to run against malpractice
    action in connection with sterilization or birth control procedures.
    93 ALR3d 218.

Modern status of views as to general measure of physician's duty to
    inform patient of risks of proposed treatment. 88 ALR3d 1008.

Fraud, misrepresentation, or deception as estopping reliance on
    statute of limitations. 43 ALR3d 429.

See also the annotations in the ALR3d/4th Quick Index under
    Limitation of Actions; Summary Judgment.

rial fact existed as to the fraudulent concealment claim and that they were entitled to a judgment as a matter of law and for accelerated judgment on the basis of the running of the applicable period of limitation as to the malpractice claim. The trial court, Robert J. Colombo, Jr., J., granted both motions, holding that plaintiff had failed to plead facts supporting a claim for fraudulent concealment, and denied plaintiff's motion to amend her pleadings on the fraudulent concealment claim because the proposed amendment would not cure the defect in her fraudulent concealment claim. Plaintiff appealed. *Held:*

1. Fraudulent concealment of a cause of action for medical malpractice involves the employment of an artifice planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action. The acts relied upon must be affirmative in character and fraudulent and must be specifically pled by the plaintiff.

2. The trial court did not err in holding that plaintiff had failed to plead facts establishing an act or acts of concealment. Neither did the trial court err in denying plaintiff's motion to amend, since it is clear, in light of the plaintiff's admission that Dr. Babaoff had indeed informed her in September, 1979, of the possibility that she had been pregnant, that no amendment of her pleadings could establish fraudulent concealment.

Affirmed.

1. JUDGMENT — SUMMARY JUDGMENT — ISSUE OF FACT.

A motion for summary judgment on the basis that no issue of material fact exists should not be granted unless it is impossible for the party opposing the motion to support his or her claim or defense because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. LIMITATION OF ACTIONS — FRAUDULENT CONCEALMENT.

A claim of fraudulent concealment cannot postpone the running of the applicable period of limitation unless the fraud is manifested by an affirmative act or misrepresentation.

3. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — FRAUDULENT CONCEALMENT.

Fraudulent concealment of a cause of action for malpractice means employment of artifice planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action; the acts relied on must be of an affirmative character and fraudulent; mere silence is not enough.

4. Fraud — Fraudulent Concealment — Limitation of Actions — Medical Malpractice — Pleading.

The acts or misrepresentations constituting fraudulent concealment of a medical malpractice claim must be pled with specificity in the complaint where the plaintiff alleges fraudulent concealment in an effort to avoid a defense based on a statute of limitations; the plaintiff must specifically plead facts which establish acts or misrepresentations by the defendant which demonstrate a plan or scheme which was designed to prevent inquiry or escape investigation of a potential claim by the plaintiff.

5. Pleading — Amendment of Pleadings.

Motions to amend pleadings should be freely granted when justice so requires; a trial court's denial of a motion to amend pleadings should be supported by specific findings as to why justice would not be served by the amendment (GCR 1963, 118.1).

*William E. Wade,* for plaintiff.

*Plunckett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec),* for defendant Babaoff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman),* for defendant Sinai Hospital.

Before: Beasley, P.J., and V. J. Brennan and Cynar, JJ.

Per Curiam. Plaintiff filed a complaint in Wayne County Circuit Court on December 20, 1982, against defendants Dr. Babaoff and Sinai Hospital, alleging medical malpractice based upon Dr. Babaoff's performing an abortion upon plaintiff without her consent. The abortion was performed at Sinai Hospital. Plaintiff's complaint also alleged that Dr. Babaoff had fraudulently concealed from her the fact that she was pregnant, that he had performed an abortion and that he had not performed a complete salpinectomy.

Following a hearing on July 20, 1984, defendants were granted summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C), as to plaintiff's fraudulent concealment claim and accelerated judgment pursuant to GCR 1963, 116.1(5), now MCR 2.116(C), with respect to plaintiff's allegations of medical malpractice based on a running of the applicable period of limitations. MCL 600.5838; MSA 27A.5838. Plaintiff appeals as of right, claiming that the trial court erroneously granted defendants' motion for summary judgment.

On August 29, 1979, Dr. Babaoff performed surgery, a laparoscopy, a D & C (dilation and curettage) and tubal ligation, on plaintiff. During the course of the surgery, while plaintiff was under general anesthesia, Dr. Babaoff discovered that there was a possibility that plaintiff was pregnant. Medical records indicate that Dr. Babaoff performed a suction curettage, which brought forth some "natural grossly looking like embrial [sic] tissue". Dr. Babaoff then continued with the scheduled procedures. Plaintiff was under general anesthesia at the time and was not informed of Dr. Babaoff's discovery or that he had performed an abortion.

Plaintiff's deposition testimony indicates that she visited with Dr. Babaoff for a post-operative checkup about three or four weeks after the August 29, 1979, procedure. Plaintiff admits that, during the checkup, Dr. Babaoff informed her that at the time of the procedure her uterus was slightly enlarged and that there was a possibility that she may have been pregnant at that time. Dr. Babaoff also informed plaintiff that he would not be able to verify the fact that she was pregnant until he received the lab reports. Plaintiff informed Dr. Babaoff that she did not believe that

she was pregnant and made no further inquiries about the pregnancy. Dr. Babaoff apparently never informed the plaintiff of the findings of the lab reports.

Plaintiff took no further action relative to this case until May, 1982. At that time, plaintiff specifically requested a copy of her medical records from Sinai Hospital so that she could verify a statement made by another doctor concerning the presence of a tumor in her uterus. After reviewing the records, plaintiff realized that she had been pregnant at the time the August, 1979, procedure was performed. At that point, plaintiff took the records to an attorney who filed a complaint on her behalf against defendants alleging medical malpractice and fraudulent concealment of the fact that plaintiff was pregnant and that Dr. Babaoff had performed an abortion without plaintiff's consent.

The trial court found that defendants were entitled to accelerated judgment pursuant to GCR 1963, 116.2(5), now MCR 2.116(C)(7), because plaintiff's complaint was filed more than six months after plaintiff had discovered or should have discovered the existence of her claim and thus fell within the provisions of the applicable statute of limitations, MCL 600.5838; MSA 27A.5838. On appeal, plaintiff does not challenge the trial court's ruling on the medical malpractice claim.

The trial court also found that plaintiff had failed to demonstrate a genuine issue of material fact which would support a claim for fraudulent concealment. The court ruled that defendants were entitled to summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), on the fraudulent concealment claim because the undisputed facts established that Dr. Babaoff had advised plaintiff that she may have been pregnant and thus there was no affirmative act of concealment to support

the claim. The court also found that plaintiff's proposed amendment to the complaint would be futile under the facts of this case and denied plaintiff's motion to amend.

Plaintiff argues that the trial court erred in ruling that defendants were entitled to summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), on the fraudulent concealment claim. Plaintiff asserts that there were numerous issues of fact relative to her fraudulent concealment claim. We disagree.

A motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), has the limited function of determining whether material issues of fact exist. *Goldman v Loubella Extendables,* 91 Mich App 212, 217; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979). The motion should not be granted unless it is impossible for the opposing party to support his or her claim or defense because of some deficiency which cannot be overcome.

A claim of fraudulent concealment cannot postpone the running of the statutory period of limitation unless the fraud is manifested by an affirmative act or misrepresentation. *Lumber Village, Inc v Siegler,* 135 Mich App 685; 355 NW2d 654 (1984). In *Buszek v Harper Hospital,* 116 Mich App 650, 654; 323 NW2d 325 (1982), a medical malpractice case involving fraudulent concealment, we quoted from *Delta v Winter,* 258 Mich 293, 296; 241 NW 923 (1932), as follows:

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

The Court also stated that mere silence is not

enough. A fraudulent concealment claim cannot be established unless the plaintiff proves some affirmative act or misrepresentation on the part of the defendant which is designed to prevent subsequent discovery.

In this case plaintiff's deposition testimony indicates that there was no affirmative act or misrepresentation on the part of Dr. Babaoff which could form the basis of a fraudulent concealment claim. As early as September, 1979, Dr. Babaoff informed plaintiff that she may have been pregnant in August, 1979, when she underwent surgery. Also, Dr. Babaoff informed plaintiff that a D & C had been performed which should have indicated to plaintiff that, if she had been pregnant, the fetus would have aborted. It is clear from our review of the record that Dr. Babaoff did nothing to mislead or hinder the plaintiff's acquisition of information which would disclose a cause of action. See *Sheldon v Sisters of Mercy Health Corp,* 102 Mich App 91, 94; 300 NW2d 746 (1980). We conclude that the trial court properly granted defendants' motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10).

Plaintiff further contends that the trial court erred in ruling that plaintiff's complaint was insufficient to state a claim for fraudulent concealment, GCR 1963, 117.2(1), now MCR 2.116(C)(8), and in denying plaintiff the opportunity to amend the complaint.

Where a plaintiff seeks to toll the running of the statutory period of limitation by invoking the doctrine of fraudulent concealment, the acts or misrepresentations constituting fraudulent concealment must be pled in the complaint. *Arent v Hatch,* 133 Mich App 700, 706; 349 NW2d 536 (1984), *lv den* 419 Mich 939 (1984). In order to

properly plead a claim for fraudulent concealment in a malpractice action, the plaintiff must specifically set forth the acts or misrepresentations by the defendant which demonstrate a plan or scheme which was designed to prevent inquiry or escape investigation of a potential claim by the plaintiff. *Buchanan v Kull,* 323 Mich 381, 388; 35 NW2d 351 (1949); *Tonegatto v Budak,* 112 Mich App 575, 584; 316 NW2d 262 (1982). In this case, plaintiff merely alleged in conclusory terms that Dr. Babaoff fraudulently concealed the facts necessary for her claim. Plaintiff did not allege the factual circumstances upon which the claim of fraudulent concealment was premised. Therefore, the trial court correctly ruled that plaintiff failed to state a fraudulent concealment claim.

Plaintiff further contends that, even if her complaint was incomplete, she should have been permitted to amend her complaint to allege the necessary facts. GCR 1963, 118.1, now MCR 2.118(A), provides that motions to amend must be "freely given when justice so requires". A denial of such a motion, although discretionary, must be supported by specific findings as to why justice would not be served by the amendment. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). In this case, no abuse of discretion exists. The trial court expressly determined that any amendment to the complaint would be futile given the undisputed facts. The trial court specifically found that, because Dr. Babaoff actually informed plaintiff that she may have been pregnant, plaintiff could not establish the necessary factual prerequisite for a fraudulent concealment claim. Plaintiff's brief on appeal fails to state any facts which support plaintiff's claim that the trial court's ruling is erroneous.

Affirmed.