*In re* FARRIS ESTATE

FARRIS v UNITED STATES FIDELITY AND GUARANTY
COMPANY

Docket No. 84044. Submitted March 5, 1987, at Detroit. Decided May
5, 1987.

On July 16, 1976, the Wayne County Probate Court appointed
Melvin Cotton guardian and fiduciary for his niece, Katherine
Farris, a minor. United States Fidelity and Guaranty Company
issued a fiduciary bond for Cotton in the amount of $10,000.
Farris' estate at the time consisted of $15,000 in life insurance
proceeds. On November 10, 1976, Farris became eighteen years
old and Cotton turned $5,000 over to her. He never accounted
for the other $10,000. On December 20, 1976, Cotton was
discharged as guardian and suspended as fiduciary for "failure
to file his first and final account and/or a receipt of ward" as
required by the Probate Court Rules. After discovering Cotton's
failure to pay out the remainder of the estate, Farris filed
petitions in 1984 seeking to have Cotton return the unpaid
estate assets and to impose against USF&G a $10,000 surcharge
on the surety bond. The court, Frank S. Szymanski, J., ordered
Cotton to return the unpaid $10,000, plus interest, costs, and
attorney fees, but denied the petition to impose the surcharge
against USF&G the ground that the applicable period of limita-
tion had expired. Farris appealed from the denial of the peti-
tion to impose the surcharge against USF&G.

The Court of Appeals *held:*

1. A probate court's order denying a petition to surcharge a
surety on a bond is a final order appealable as a matter of right
to the Court of Appeals.

2. A four-year period of limitation on actions against guard-
ians is provided by statute. Cotton's guardianship was termi-

REFERENCES

Am Jur 2d, Appeal and Error § 139.

Am Jur 2d, Fraud and Deceit §§ 2, 12, 400, 423, 424, 432.

Am Jur 2d, Guardian and Ward §§ 54, 64.

Am Jur 2d, Suretyship §§ 236, 237.

See the annotations in the Index to Annotations under Limitations
of Actions; Suretyship.

nated by operation of law when Farris became eighteen years old. Thus, the period of limitation for bringing an action against Cotton expired on November 10, 1980. The petition at issue was not filed until 1984.

3. Petitioner's contention that she had two years after discovery of Cotton's failure to perform his fiduciary duties within which to file suit and that she first discovered that failure in 1982 is rejected. The two-year period of limitation on a claim of fraudulent concealment is not applicable to this case because petitioner did not plead fraudulent concealment in her petition to surcharge USF&G's surety bond. Furthermore, petitioner is bound by the public record and could have discovered that Cotton was withholding assets from the estate simply by examining the probate court file anytime after December 2, 1976.

Affirmed.

1. SURETYSHIP AND GUARANTEE — SURETY BONDS — DENIAL OF PETITION TO SURCHARGE SURETY — APPEAL — COURT RULES.

A probate court's order denying a petition to surcharge a surety on a bond is a final order appealable as a matter of right to the Court of Appeals (MCR 5.801[B][3][e]).

2. LIMITATION OF ACTIONS — SURETYSHIP AND GUARANTEE.

The period of limitation for an action against a surety on any bond of a guardian is four years after the discharge of the guardian (MCL 600.5807[1]; MSA 27A.5807[1]).

3. GUARDIAN AND WARD — INFANTS — TERMINATION OF GUARDIANSHIP.

The authority of a guardian of a minor terminates by operation of law upon the minor's eighteenth birthday (MCL 700.433; MSA 27.5433).

4. ACTIONS — FRAUDULENT CONCEALMENT — LIMITATION OF ACTIONS — PLEADING.

The acts or misrepresentations constituting fraudulent concealment must be pled in the complaint or petition where the plaintiff or petitioner alleges fraudulent concealment in an effort to avoid a defense based on a statute of limitations.

*John J. Gresch & Associates, P.C.* (by *Douglas P. Shepherd*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *D. Douglas McGaw* and *Robert D. Brignall*), for defendant.

Before: M. J. KELLY, P.J., and SULLIVAN and P. R. JOSLYN,* JJ.

M. J. KELLY, P.J. Two questions of first impression are presented in this appeal. The first is whether an order denying a petition to surcharge a surety on a bond is a final order appealable as a matter of right to the Court of Appeals under MCR 5.801(B)(3)(e). We answer in the affirmative.

MCR 5.801(B)(3) allows appeals of right from certain final probate court orders to this Court. These are "defined as and limited" to orders resolving any of twenty-eight different matters. We hold that the probate court's order denying surcharge of the surety bond falls within MCR 5.801(B)(3)(e), which allows an appeal of right to this Court for matters "discharging a surety on a bond from further liability."

The second question is more difficult. Petitioner was bilked out of the bulk of the assets contained in her guardianship account by an unscrupulous fiduciary. She claims she filed this action timely within the two-year tolling provision of MCL 600.5855; MSA 27A.5855. The respondent says her claim is barred by the four-year period of limitation contained in MCL 600.5807(1); MSA 27A.5807(1) and we agree.

The facts of this case are not disputed by the parties. On July 16, 1976, Melvin Cotton was appointed by the Wayne County Probate Court as guardian of petitioner, his niece, who was then a minor. Respondent United States Fidelity and Guaranty Company issued a fiduciary bond for Cotton in the amount of $10,000. The inventory disclosed that the estate consisted of $15,000 in life insurance proceeds. Petitioner turned eighteen years of age on November 10, 1976, and Cotton

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

turned $5,000 over to her but never accounted for the other $10,000. Cotton was suspended by order dated December 20, 1976, for "failure to file his first and final account and/or a receipt of ward" in accordance with "amended Probate Court Rule 5a, adopted by the Michigan Supreme Court on April 7, 1969. . . ." A copy of the order was mailed to these interested parties:

Melvin Cotton, 8048 Carbondale, Detroit, Michigan.

United States Fidelity & Guaranty Company, 1900 West Big Beaver Road, Troy, Michigan, 48084.

Thomas Bayliss, 13700 Woodward, Suite 400, Highland Park, Michigan (Attorney for the Estate)

Katherine Farris, 8048 Carbondale, Detroit, Michigan.

There the matter languished.

MCL 600.5807(1); MSA 27A.5807(1) provides a four-year period of limitation on actions against guardians.[1] Mr. Cotton's guardianship was terminated by operation of law under MCL 700.433; MSA 27.5433, which terminates authority upon the minor's attainment of majority. Petitioner attained majority on November 10, 1976.[2]

---

[1]

The period of limitation on actions charging any surety on any bond of any executor, administrator, or guardian is four years after the discharge of the executor, administrator, or guardian.

[2]

A guardian's authority and responsibility terminates upon the death, resignation, or removal of the guardian or upon the minor's death, adoption, marriage, or attainment of majority but termination does not affect the guardian's liability for prior acts nor the guardian's obligation to account for funds and assets of a ward. Resignation of a guardian does not terminate the guardianship until it is approved by the court. A testamentary appointment under an informally probated will terminates if the will is later denied probate in a formal proceeding.

The December 20, 1976, order, *supra,* which the probate court formally entered suspended Cotton as petitioner's guardian. However, that guardianship had already been terminated by operation of law under MCL 700.433; MSA 27.5433. In any event, it is clear that Cotton's guardianship had been terminated by the end of 1976. This petition was not filed until 1984. Petitioner's theory is that she failed to discover the defalcation until mid-1982, after which she had two years to file her claim under a theory of fraudulent concealment, MCL 600.5855; MSA 27A.5855. We hold that the two-year period of limitation set forth in that statute does not apply to this case.

The acts or misrepresentations constituting fraudulent concealment of a claim must be pled. *Dunmore v Babaoff,* 149 Mich App 140, 147; 386 NW2d 154 (1985); *Tonegatto v Budak,* 112 Mich App 575, 584; 316 NW2d 262 (1982). In the instant case petitioner did not plead fraudulent concealment in her petition to surcharge the respondent's surety bond. She merely alleged that Cotton "failed and refused and still fails and refuses to turn over to her the balance of her estate." Petitioner is bound by the public record and could have discovered that Cotton was withholding assets from the estate simply by examining the probate court file. That file contains the inventory dated August 31, 1976, and filed December 2, 1976, showing the proceeds from two life insurance policies totaling $15,000. Notice of the suspension of the guardian was mailed to petitioner and should have put her on notice that the guardian was in violation of his duties. Petitioner cannot rely on MCL 600.5855; MSA 27A.5855 to postpone the running of the four-year period of limitation because petitioner is charged with knowledge of the

information contained in the public record. Compare *Heap v Heap,* 258 Mich 250; 242 NW 252 (1932).

Affirmed.