# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL TINNEY and BILLIE SUE TINNEY,

       Plaintiffs-Appellants,

v

WIDDIS, INC., and JERRY D. WIDDIS,

       Defendants-Appellants.

UNPUBLISHED
November 3, 2016

No. 328050
Roscommon Circuit Court
LC No. 15-722281-CK

Before: RIORDAN, P.J., and METER and OWENS, JJ.

PER CURIAM.

In this action concerning defendants' sale of a home to plaintiffs by way of land contract, plaintiffs appeal as of right from an order granting summary disposition to defendants pursuant to MCR 2.116(C)(7) and (10). We affirm.

## I. FACTS

Plaintiffs filed this lawsuit on January 27, 2015, and alleged three causes of action: "intentional fraud," "negligent misrepresentation," and "breach of implied warranty of habitability." The claims concerned an October 30, 2006, land contract that plaintiff Paul Tinney entered into with defendants, and some problems that plaintiffs later discovered with the house. Shortly after the contract was entered into, the local governing authority advised that the front deck of the house, which was 20 x 8 feet, had to be removed because it encroached on public property, despite defendants having given assurances that the deck was constructed with proper permits and approval. Defendants removed the existing deck and replaced it with a smaller, 4 x 6 foot deck. It was also discovered that a toilet was set on a rotten subfloor that was covered over by new vinyl flooring, and that the toilet was not properly connected to the municipal sewer. Defendants replaced the bathroom floor and connected the toilet to the municipal sewer.

Plaintiffs asserted that eventually Mr. Tinney sought to remodel the back bedroom, which was constructed by defendants as an addition to the house, and discovered that the walls were not constructed in accordance with the building code, that the walls were placed directly on the ground without a proper foundation or other means to prevent moisture from encroaching, that toxic mold was inside the interior walls, and that the lack of foundation was what caused the mold. According to plaintiffs, Mr. Tinney became very ill and his doctor believed that the cause could be his exposure to the mold. Plaintiffs averred that they were forced to move out of the

-1-

home and abandon their personal belongings in 2014 because of the toxic mold, and that the building inspector advised them that the addition needed to be completely removed and that no permits had been issued for its construction. Plaintiffs alleged that the addition appeared to be new and defendants had covered up the defects in a manner that kept them hidden from sight and unable to be discovered.

In lieu of filing an answer, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). Defendants asserted that (1) all of plaintiffs' claims were barred by the statute of limitations, and (2) the claim for breach of implied warranty of habitability failed as a matter of law because (i) the land contract had an "as-is" clause that waived all warranties, and (ii) an implied warranty of habitability claim applies only to a new house and this house was not new. In regard to the statute of limitations, defendants asserted that plaintiffs knew or should have known that there were defective conditions shortly after the contract was signed, and thus their claims accrued at that time and had expired by the time they filed this suit in January 2015. The trial court agreed with defendants, granted their motion for summary disposition, and dismissed plaintiffs' claims. Plaintiffs filed a motion seeking reconsideration of this decision, which the trial court also denied. This appeal followed.

## II. JUDICIAL BIAS

Plaintiffs first assert that the trial court judge was "overly cautious" in resolving the statute-of-limitations issue in the instant case because this Court had previously ruled against his client on statute-of-limitations grounds when he was acting as the attorney for the plaintiffs in *Horvath v Delida*, 213 Mich App 620; 540 NW2d 760 (1995). Plaintiffs argue that that the trial judge was substantially and negatively affected by the ruling in that case, interjected too much of his personal bias because of his prior representation, made a judgment error, and should have found for plaintiffs.

Claims that a judge was biased must be preserved in the trial court by a motion to disqualify. MCR 2.003; *Vicencio v Ramirez*, 211 Mich App 501, 509; 536 NW2d 280 (1995). Because plaintiffs raised this issue only in a motion for reconsideration, and failed to move for disqualification, this issue is unpreserved, and our review is for plain error affecting plaintiffs' substantial rights. See, generally, *Wolford v Duncan*, 279 Mich App 631, 637; 760 NW2d 253 (2008).

This Court presumes that trial judges are not biased, and a party asserting judicial bias "has the heavy burden of overcoming the presumption." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). Judicial rulings almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion exhibits antagonism or deep-seated favoritism making fair judgment impossible. *Cain v Dep't of Corrections*, 451 Mich 470, 496-497; 548 NW2d 210 (1996). Generally, this Court will not find bias simply because the trial court ruled against a party, even when its rulings are erroneous. *Bayati v Bayati*, 264 Mich App 595, 603; 691 NW2d 812 (2004).

Here, plaintiffs argue that the trial judge was biased because of his involvement in another case and that this bias led to his erroneous decision. Plaintiffs' argument borders on the spurious. First, as we discuss below, plaintiffs have not demonstrated that the trial court erred in

its rulings. Second, plaintiffs have not presented any evidence or identified any specific examples of conduct by the trial court that would rise to the level of deep-seated favoritism or antagonism that would make fair judgment impossible. In fact, the trial judge clearly indicated that he personally wished that he could rule in favor of plaintiffs, stating, "personally I agree with—I agree with everything you've said. And were it not for my understanding of the law would—as it exists—would agree that that is the way this case should be approached." Thus, rather than acting out of bias, the trial judge overcame any personal inclination and instead ruled in the manner he felt bound to rule by law. Plaintiffs have not overcome the presumption in favor of judicial impartiality or shown that a plain error of judicial bias affected their substantial rights.

## III. STATUTE OF LIMITATIONS

Plaintiffs next argue that the trial court erred in granting defendants' motion for summary disposition and dismissing plaintiffs' claims based on the statute of limitations. We disagree.

Pursuant to MCR 2.116(C)(7), a party may be entitled to summary disposition if a statute of limitations bars the claim. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 278; 769 NW2d 234 (2009). Pursuant to MCR 2.116(C)(10), a party may be entitled to summary disposition if there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. Under MCR 2.116(C)(7) and (10), all documentary evidence submitted by the parties is considered, and, under MCR 2.116(C)(10), it is considered in the light most favorable to the nonmoving party. *Id*. "[U]nder MCR 2.116(C)(7), the plaintiff's well-pleaded factual allegations, affidavits, or other admissible documentary evidence must be accepted as true and construed in [the nonmoving party's] favor, unless the movant contradicts such evidence with documentation." *Id*. This Court reviews de novo a trial court's ruling on a motion for summary disposition as well as the legal question of whether a cause of action is barred by a statute of limitations. *Id*. at 279. "Which statute of limitations applied, whether the limitations period was tolled, and when the limitations period ended are questions of law." *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 46; 698 NW2d 900 (2005).

Again, plaintiffs set forth three counts in their amended complaint: "intentional fraud," "negligent misrepresentation," and "breach of implied warranty of habitability." In their motion for reconsideration they also argued that MCL 600.5839, the "contractor statute," was applicable to their claims. We will discuss each in turn.

### A. "INTENTIONAL FRAUD" AND "NEGLIGENT MISREPRESENTATION"

Plaintiffs labeled their first count "intentional fraud;" however, the claim appears to be one of "fraudulent misrepresentation" or traditional common-law fraud. Fraudulent misrepresentation requires "that the defendant knowingly or recklessly misrepresented a material fact with the intent that the other party rely on it." *Roberts v Saffell*, 280 Mich App 397, 404-405; 760 NW2d 715(2008); see also *M&D, Inc v WB McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998).

In the portion of their amended complaint that corresponds with this first count, plaintiffs asserted that defendants "made representations of fact," that the representations "were false when made," and that defendant "knew the representations were false when made and were made recklessly with knowledge of the truth [sic]." Plaintiffs alleged that the "representations were made with the intention of inducing Plaintiffs' reliance," that plaintiffs relied on the statements when entering into the land contract, and that plaintiffs were damaged as a result. Regardless of the label used, it is clear from plaintiffs' amended complaint that they alleged fraudulent misrepresentation.[1]

As for their second count, labeled "negligent misrepresentation," it appears from the amended complaint that plaintiffs were actually alleging "silent fraud" or "innocent misrepresentation." "[F]or silent fraud, the plaintiff must prove that the defendant knew of a material fact but concealed or suppressed the truth through false or misleading statements or actions and with the intent to deceive." *Roberts*, 280 Mich App at 405. Innocent misrepresentation is similar to fraudulent misrepresentation and silent fraud, but eliminates "scienter and proof of the intention that the misrepresentation be acted upon." *US Fidelity and Guaranty Co v Black*, 412 Mich 99, 118; 313 NW2d 77 (1981). That is, the plaintiff does not need to prove that the defendant intended to deceive the plaintiff into relying on the false or misleading representation or prove that the defendant knew that the representation was false. *Id*. at 117-118. However, innocent misrepresentation "adds the requirements that the misrepresentation be made in connection with making a contract and the injury suffered by the victim must inure to the benefit of the misrepresenter." *Id*. at 118.

For a claim of negligent misrepresentation, a plaintiff must "prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Barclae v Zarb*, 300 Mich App 455, 476; 834 NW2d 100 (2013) (citations and quotation marks omitted); see also *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 621; 769 NW2d 911 (2009). "Michigan recognized negligent misrepresentation as a way of imposing third-party liability for the negligent performance of a contract." *Roberts*, 280 Mich App at 406 n 2.

In the portion of their amended complaint that corresponds with this second count, plaintiffs asserted that defendants "made representations of material fact;" that "[t]he representations were false when made;" that defendants "intentionally suppressed material facts to create a false impression;" that defendants "knowingly made such statements that were false and had an affirmative duty to speak, but failed to disclose the material facts giving rise to this claim allowing Plaintiff to have the false impression as to the suitability of the premises;" that plaintiffs relied on the statements when entering into the land contract; that plaintiffs were damaged as a result; and that defendants "benefitted from the misrepresentations by the sale of the property."

---

[1] In determining the exact nature of plaintiffs' claims, this Court must look beyond the procedural labels and read the complaint as a whole. *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005).

Plaintiffs did not allege that defendants prepared information without reasonable care, or that they had a duty to prepare information with reasonable care. Thus, this was not a negligent misrepresentation claim. Rather, they asserted that defendants made false representations and did not disclose material facts when they had a duty to do so. Although plaintiffs' assertions that defendants "*knowingly* made such statements that were false" and "*intentionally* suppressed material facts to create a false impression" seem to correspond with a claim of silent fraud, they also state that defendants "benefitted from the misrepresentations," which seems to correspond with an element of innocent misrepresentation.

In any event, we agree with the trial court that plaintiffs did not file the instant action within the period of limitations for any of these claims, regardless of whether they were claims of fraudulent misrepresentation, silent fraud, innocent misrepresentation or even negligent misrepresentation. Generally, the limitations period for a fraud or misrepresentation claim is six years. MCL 600.5813. This six-year period "runs from the time the claim accrues," and "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. In *Boyle v Gen Motors Corp*, 468 Mich 226, 230-232, 661 NW2d 557 (2003), the Michigan Supreme Court rejected the argument that a claim for fraud or misrepresentation does not begin to accrue until the fraud or misrepresentation is discovered or should have been discovered. Rather, a claim for fraud or misrepresentation accrues, and the six-year limitations period begins to run, when the misrepresentation is made. *Id*. at 232.

Here, if defendants' misrepresentations induced Mr. Tinney to enter into the land contract, then they must have been made before or when the contract was entered into. Indeed, plaintiffs assert that misrepresentations were made "[a]t the time of sale," which was October 30, 2006. Any claim sounding in fraud or misrepresentation thus accrued on October 30, 2006, when the alleged misrepresentations were made and plaintiffs relied on them by entering into the land contract. The limitations period on these claims began to run on that date and the limitations period expired six years later in 2012. Plaintiffs filed the instant suit on January 27, 2015, well outside the six-year limitations period. Thus, these claims were barred by the statute of limitations. Accordingly, the trial court did not err in granting defendants' motion for summary disposition and dismissing these claims

## B. BREACH OF IMPLIED WARRANTY OF HABITABILITY

For their third count, plaintiffs asserted that, "[a]s a result of [d]efendants' building part of the premises in a negligent and concealed matter, there is an implied warranty of habitability;" that "[d]efendants breached that implied warranty by negligently and improperly building the addition upon the ground without foundation or other measures to prevent the proliferation of mold;" that "[d]efendants further breached that implied warranty by building the walls of the structure improperly upon the dirt, not to building code and without permit or inspection;" that "defendants [sic] acts caused the breach of its implied warranty of habitability;" and that plaintiffs "relied upon the skill of [d]efendants, believing that the house was reasonably fit for habitation and that the house was built in a reasonably workmanlike manner."

Plaintiffs' claim for breach of the implied warranty of habitability must fail. First, this Court long ago expressly limited this implied warranty to the purchase of new homes. *Weeks v*

*Slavik Builders, Inc*, 24 Mich App 621, 627; 180 NW2d 503 (1970) (holding that the implied warranty is limited "to the purchase of new residential dwelling houses"). Because the house at issue here was indisputably not a new home, the implied warranty did not extend to its sale. Second, the land contract contained an "as is" clause. Thus, even if the implied warranty of habitability extended to the sale of this house, the parties' land contract waived that warranty. *Lenawee City Bd of Health v Messerly*, 417 Mich 17, 22, 32 n 15; 331 NW2d 203 (1982) ("as is" clause assigned risk to purchaser and waived implied warranties that accompany sale of a new home).[2]

## C. FRAUDULENT CONCEALMENT

When a defendant fraudulently conceals the existence of a claim, the plaintiff may bring an action "at any time within 2 years after [he] discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim . . . ." MCL 600.5855. Fraudulent concealment of the type alleged here requires that the defendant "conceal[] the fact that the plaintiff has *a cause of action*." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996) (emphasis added). In other words, " '[t]he fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action.' " *Tonegatto v Budak*, 112 Mich App 575, 583; 316 NW2d 262 (1982), quoting *Weast v Duffie*, 272 Mich 534, 539; 262 NW 401 (1935). For example, this Court held that a hospital's breach of the duty to inform a patient of the nature and risk of her operation did not constitute fraudulent concealment of her medical malpractice claim, because the hospital did not conceal the fact that the plaintiff had a cause of action for medical malpractice. *Tonegatto*, 112 Mich App at 584.

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (citations and quotation marks omitted). The plaintiff "must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed

---

[2] Plaintiffs attached to their appellate brief a "closing affidavit" signed by defendants that certified no functional defects in the property. It was not presented below and is not part of the record. Because the document was not part of the record below, we will not consider it. See *Isagholian v Transamerica Ins Corp*, 208 Mich App 9, 18; 527 NW2d 13 (1994). Even if we did consider it, we would conclude that the limitations period for any claim related to the document expired before plaintiffs filed the instant lawsuit. There is a six-year limitations period for breach-of-contract claims, *Scherer v Hellstrom*, 270 Mich App 458, 464; 716 NW2d 307 (2006), which accrue " 'at the time the wrong upon which the claim is based was done regardless of the time when damage results.' " *Id*. at 463, quoting MCL 600.5827. Here, the alleged breach of contract occurred on October 30, 2006, and the limitations period would have commenced to run on the day the contract was signed. See *AFSCME v Highland Park Bd of Ed*, 457 Mich 74, 90; 577 NW2d 79 (1998) ("For contract actions, the limitation period generally begins to run on the date of the contract breach.").

to prevent subsequent discovery." *Id.* (citation and quotation marks omitted). "[M]ere silence is not enough." *Dunmore v Babaoff*, 149 Mich App 140, 145-146; 386 NW2d 154 (1985). "A fraudulent concealment claim cannot be established unless the plaintiff proves some affirmative act or misrepresentation on the part of the defendant which is designed to prevent subsequent discovery." *Id*. at 146.

"For a plaintiff to be sufficiently apprised of a cause of action, a plaintiff need only be aware of a 'possible cause of action.' " *Doe*, 264 Mich App at 643, quoting *Moll v Abbott Laboratories*, 444 Mich 1, 23–24; 506 NW2d 816 (1993). The "possible cause of action" standard is an objective standard applied in determining when a plaintiff "should have discovered" "the existence of the claim." MCL 600.5855. "The 'possible cause of action' standard encourages claimants to diligently investigate and pursue causes of action." *Prentis Family Foundation*, 266 Mich App at 48. Thus, this Court has held that "[i]f liability were discoverable from the outset, then MCL 600.5855 will not toll the applicable period of limitations." *Id*. This Court has also held that actions that occur before the alleged injury cannot conceal a cause of action. *Doe*, 264 Mich App at 641 ("It is quite clear that only actions after the alleged injury could have concealed plaintiff's causes of action against defendant because actions taken before the alleged injury would not have been capable of concealing causes of action that did not yet exist."). Further, if the public record would have provided notice of the claim, reliance on MCL 600.5855 to postpone the running of the limitations period is inappropriate. *In Re Farris Estate*, 160 Mich App 14, 18-19; 408 NW2d 92 (1987) ("Petitioner cannot rely on MCL 600.5855 to postpone the running of the four-year period of limitation because petitioner is charged with knowledge of the information contained in the public record.").

Here, plaintiffs cannot meet the requirements of MCL 600.5855. Although defendants have engaged in affirmative acts, there was no act that could provide a basis for fraudulent concealment. The building of the room without a foundation and without the proper permits was not done fraudulently to conceal the fact that plaintiffs had a cause of action. Specifically, the act of constructing the addition could not conceal the fact that plaintiffs had a cause of action, because plaintiffs had no cause of action in existence when defendants constructed the addition. *Doe*, 264 Mich App at 641. Likewise, contrary to plaintiffs' argument, defendants' correction of the situation with the deck, plumbing, and bathroom floor did not conceal a cause of action because it did not prevent plaintiffs from acquiring knowledge regarding the existence of their claims. Given that plaintiffs had control over the entire property, repairing the items did not hinder plaintiffs' ability to acquire information that would disclose a cause of action. In fact, on account of these issues, plaintiffs arguably were aware or should have been aware of a possible cause of action.

Even assuming that defendants' actions otherwise qualified, MCL 600.5885 would still not toll the period of limitations. Plaintiffs could have simply looked at the appropriate records and discovered that the room was built without proper permits, and under the objective "should have discovered" standard, they are in fact charged with knowledge of the information contained in the public record. *In Re Farris Estate*, 160 Mich App at 18-19. This principle is particularly applicable here, where the relevant public records relate to a significant financial purchase and it is well known, if not common knowledge, that such records are maintained by the local authority. Plaintiffs were aware that this room had been very recently constructed by defendants. In his first affidavit Mr. Tinney asserted that at the time he purchased the house, defendants

represented that the entire home had been recently remodeled and that the back addition had been built by defendants just before 2006. Thus, plaintiffs' assertion that they "could not have discovered the issues with the mold or walls of the addition without destructive testing[,] as the siding on the outside of the house went down the wall and below grade level[,] and from the inside, one could not determine that it had been constructed improperly," is negated by the fact that plaintiffs would have discovered these issues if they had investigated whether the local authority had issued a permit for the addition.

Because plaintiffs cannot meet the requirements of MCL 600.5855, they have likewise failed to show that MCL 600.5855 allows them to file claims that would otherwise be barred by the statute of limitations.

## D. MCL 600.5839 – THE "CONTRACTOR STATUTE"

Again, in their motion for reconsideration, plaintiffs asserted for the first time that they had a claim under MCL 600.5839, the "contractor statute." However, this Court will find no abuse of discretion in denying a motion for reconsideration resting on a legal theory and facts that could have been pleaded or argued before the trial court's original order. *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). Because plaintiffs could have pleaded or argued that they had a cause of action pursuant to MCL 600.5839 before the trial court's order granting defendants' motion for summary disposition, the trial court did not abuse its discretion in denying plaintiffs' motion for reconsideration.

## IV. EQUITABLE ESTOPPEL

Plaintiffs argue that defendants should be estopped from raising a statute-of-limitations defense, asserting that their actions in 2007 and 2008 in fixing defects both concealed the cause of action and induced plaintiffs not to bring an action. We disagree.

Plaintiffs first raised this argument in their motion for reconsideration. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Review is therefore for plain error affecting substantial rights. *Wolford*, 279 Mich App at 637.

"Equitable estoppel arises where one party has knowingly concealed or falsely represented a material fact, while inducing another's reasonable reliance on that misapprehension, under circumstances where the relying party would suffer prejudice if the representing or concealing party were subsequently to assume a contrary position." *Adams v Detroit*, 232 Mich App 701, 708; 591 NW2d 67 (1998). "Although the doctrine can operate to bar use of the statute of limitations as a defense to a contract claim, our Supreme Court has been 'reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute.'" *Id*., quoting *Lothian v Detroit*, 414 Mich 160, 172; 324 NW2d 9 (1982). Generally, to justify the application of estoppel, the plaintiff must allege actions by the defendant such as concealment of a cause of action, misrepresentation regarding the limitations period, or inducement not to bring the action. *Adams*, 232 Mich App at 708.

Here, the equitable estoppel doctrine is inapplicable. Contrary to plaintiffs' assertion, there is nothing to indicate that defendants' conduct of repairing the bathroom and the deck were clearly designed to induce plaintiffs to refrain from bringing an action within the limitations period. Further, defendants did not conceal plaintiffs' cause of action, misrepresent the applicable period of limitations, or otherwise induce plaintiffs to delay in commencing the action. Accordingly, plaintiffs' argument that equitable estoppel applies is without merit.

Affirmed.


/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Donald S. Owens